Commonwealth v. Derry.

COMMONWEALTH vs. ALAN DERRY.

No. 87-1191.

Middlesex. February 17, 1988. — May 10, 1988.

Present: PERRETTA, SMITH, & FINE, JJ.

*Practice, Criminal,* Sentence.

A sentencing judge, acting on his own initiative, had authority under Mass.
R.Crim.P. 29(a) to revoke a defendant's partially executed sentences
and impose more severe sentences. [12]

A sentencing judge acted within his discretion in taking account of the dis-
parity among codefendants' sentences as one important consideration
when he revoked one codefendant's sentences and imposed more severe
sentences under the provisions of Mass.R.Crim.P. 29(a). [12-13]

There was no error by reason of lack of full and fair opportunity for a con-
victed defendant to be heard when the sentencing judge, on his own
initiative, revoked sentences previously imposed and imposed more se-
vere sentences, where the judge provided both notice and an opportunity
to be heard as required by Mass.R.Crim.P. 29(a). [13]

INDICTMENTS found and returned in the Superior Court De-
partment on October 1, 1986.

The cases were heard by *Hiller B. Zobel,* J.

*Stuart J. Farkas* for the defendant.

*Corinne Hirsch,* Assistant District Attorney, for the Com-
monwealth.

SMITH, J. The defendant was the subject of two indictments,
namely, attempting to traffic in marihuana and conspiracy to
traffic in marihuana. He pleaded guilty to both indictments on
May 18, 1987. On June 8, 1987, a Superior Court judge sen-
tenced him to one year in a house of correction on the attempt
indictment and to a $10,000 fine and a $2,500 surfine on the
conspiracy charge. Execution of the sentences began im-
mediately.

On June 10, 1987, the sentencing judge informed the parties
that on his own motion, pursuant to Mass.R.Crim.P. 29(a),

378 Mass. 899 (1979), he planned to resentence the defendant. He stated that on reflection he did not believe that justice had been done by the original sentences and that it now appeared to him that the original sentences were inappropriate as to both length and place of incarceration. One of the judge's stated concerns was the disparity in sentencing as between and among the defendant and his codefendants, particularly as between the defendant and one Dwight Bita. The judge assured the defendant that he would have a full opportunity to be heard at the new hearing.

The resentencing hearing was held on June 22, 1987. The defendant argued that he had had no "meaningful" involvement with the law for the past nine years, that members of the community supported him, that he had a "quite favorable" probation report, and that he was a "somewhat reluctant participant" in the crimes. The Commonwealth, referring to its initial sentencing memorandum, asserted that the defendant was a ringleader in the conspiracy, that he had admitted involvement in narcotics distribution for the past ten years, and that guns had been present during the commission of the crimes.

The judge, citing a videotape he had viewed of the crimes, disagreed with the defendant's characterization of himself as a reluctant participant. He stated that the nature of the offenses, the disparities of the sentences given to the codefendants, and the fact that the defendant was not a reluctant participant had led him to believe that justice had not been done by the sentences he had imposed on the defendant. The judge then revoked the previously imposed sentences. He sentenced the defendant on the conspiracy charge to seven to ten years at M.C.I., Cedar Junction, plus a fine of $10,000 and a surfine of $2,500.[1] On the indictment for attempting to traffic in marihuana he imposed a sentence of three to five years at M.C.I., Cedar Junction, to be served concurrently with the

---

[1] In his brief the defendant states that the term of incarceration on the conspiracy charge was reduced by the Appellate Division of the Superior Court to five to ten years at M.C.I., Cedar Junction. The fine and surfine and the sentence on the other indictment were apparently not altered.

other sentence. The defendant raises several issues on appeal, none of which has merit.

The defendant claims that, because the sentences were partially executed, the judge no longer had the authority to revoke them and impose increased sentences. It is well settled that a sentencing judge has the authority under rule 29(a) to increase a sentence previously imposed, provided that the revision takes place within sixty days of the imposition of the original sentence. *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 268-271, cert. denied, 459 U.S. 864 (1982). The defendant's argument that somehow the common law prohibited increasing partially executed sentences was firmly rejected in *Aldoupolis* v. *Commonwealth, supra* at 271 ("this court has never held that the execution of the defendant's sentence is critical to the inquiry of a judge's power to revise and revoke a defendant's sentence").[2]

The defendant contends that the judge improperly considered disparity of sentences among the defendant and codefendants as a basis for revoking and revising the defendant's sentences.[3] He argues that, because an appellate court does not have the jurisdiction to review sentences imposed on codefendants for alleged improper disparity (*Commonwealth* v. *Longval,* 378 Mass. 246, 252-253 [1979]), a sentencing judge should not consider disparity of sentencing among codefendants as a basis for revising and revoking a sentence.

---

[2] The defendant also claims that the judge's actions in sentencing the defendant to a term of seven to ten years at M.C.I., Cedar Junction, constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and art. 26 of the Massachusetts Declaration of Rights. The defendant relies on the first prong of the three-part analysis set forth in *Commonwealth* v. *Jackson,* 369 Mass. 904, 910 (1976). The defendant's claim is answered by our decision in *Commonwealth* v. *Silva,* 21 Mass. App. Ct. 536, 543-545 (1986).

[3] We note that the judge did not make any findings when he increased the defendant's sentences. In *Aldoupolis* v. *Commonwealth, supra* at 276, the court stated that where sentences are being revised upward, "findings and a statement of supporting reasons are important to demonstrate that 'improper considerations did not motivate the judge's actions."

Here, the judge's reasons for revising the initial sentences appear clearly on the record. There is no suggestion from the defendant that the judge considered any postsentence events or was biased in any way.

The decision in *Longval* does not state or even imply that unfair sentencing disparity among codefendants is an inappropriate consideration by a judge in revoking and subsequently increasing a sentence. It has been held that a judge may consider a broad range of factors in making sentence determinations. *Commonwealth* v. *Bianco*, 390 Mass. 254, 259 (1983). *Commonwealth* v. *Knight*, 392 Mass. 192, 196-197 (1984). *Commonwealth* v. *Burke*, 392 Mass. 688, 694 (1984). The sentencing judge here acted well within his discretion when he considered disparity among the codefendants' sentences as one (but not the only) important consideration in revoking the defendant's sentence and revising it upwards.

Finally, the defendant contends that the judge deprived him of a full and fair opportunity to be heard. It is clear that "[t]he judge who seeks to revise and revoke on his own motion must give adequate notice and an opportunity to be heard to the criminal defendant." *Aldoupolis* v. *Commonwealth*, 386 Mass. at 275-276. The judge called the parties before him two days after the original sentences were imposed and informed them that he believed justice had not been done by the sentences. He told counsel that he intended to resentence the defendant and that he would give both sides full opportunity to be heard. In a somewhat muddled argument, the defendant complains that the judge abused his discretion in employing a nonstandard filing procedure for the "pleadings," and that this procedure deprived the defendant of the right to see certain documents that were necessary to prepare an argument. The defendant fails to specify what those papers were or why they were necessary, and he did not raise the issue before the judge at the June 22, 1987, hearing. The judge provided both notice and an opportunity to be heard as required by rule 29(a) and common law. There was no abuse of discretion.

*Judgments affirmed.*