COMMONWEALTH *vs.* ANTONIO DEJESUS.

Suffolk. May 5, 2003. - September 12, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, COWIN, SOSMAN, & CORDY, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts, Appeal from
order of single justice. *Practice, Criminal,* Sentence. *District Court,*
Jurisdiction.

This court found it appropriate to consider the Commonwealth's appeal from
a judgment of a single justice of this court denying its petition under G. L.
c. 211, § 3, seeking an order to vacate a District Court judge's allowance
of the defendant's motion to revise or revoke his sentence, where G. L.
c. 211, § 3, was the only appellate remedy available to the Commonwealth,
and where it was well within this court's general superintendence power to
correct a sentence that had been imposed contrary to law. [150]
This court vacated the judgment of a single justice denying the Com-
monwealth's petition under G. L. c. 211, § 3, seeking to vacate a District
Court judge's allowance of the defendant's motion to revise or revoke his
sentence, where the motion itself did not satisfy the jurisdictional require-
ment that it be filed within sixty days after sentencing in accordance with
Mass R. Crim. P. 29, 378 Mass. 899 (1979), in that the defendant failed to
provide any basis for the motion or any supporting affidavit until seventeen
months after the motion was filed. [150-153]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on November 7, 2001.

The case was heard by *Spina,* J.

*Robert C. Thompson,* Assistant District Attorney, for the
Commonwealth.

*David P. Sorrenti* for the defendant.

IRELAND, J. The Commonwealth appeals from a judgment of a
single justice of this court denying its petition under G. L.
c. 211, § 3. The Commonwealth had sought an order to vacate
a District Court judge's allowance of the defendant's motion to
revise or revoke his sentence. The defendant did not file a sup-
porting affidavit or otherwise provide any reason for his motion
until approximately eighteen months after his sentence was

imposed, and some six months after the sentence itself was completed. Because the motion was devoid of any support, we conclude that it was inadequate for purposes of Mass. R. Crim. P. 29, 378 Mass. 899 (1979). The motion was therefore not properly filed within the rule's time limit, and the District Court judge did not have jurisdiction to consider it. See *Commonwealth* v. *Layne*, 386 Mass. 291, 295-296 (1982). Accordingly, we vacate the judgment of the single justice, and direct that the original sentence be reinstated.

We summarize the facts and procedural history. On August 10, 1998, the defendant was charged in the Brockton Division of the District Court with, among other things, operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (*a*) (1), and refusing to identify himself while operating a motor vehicle in violation of G. L. c. 90, § 25.[1] He admitted to sufficient facts as to both charges and received a continuance without a finding for one year with conditions of supervisory probation. Approximately ten months later, the defendant was arrested for a second offense of operating a motor vehicle while under the influence of intoxicating liquor. As a result, a probation surrender hearing was scheduled. The defendant waived a hearing and admitted that he had violated the terms of his probation. A District Court judge stated that he would "accept the probation department's recommendation that was discussed with [the defendant's] attorney." Accordingly, the judge imposed a guilty finding and sentenced the defendant to one year in a house of correction, suspended until August 4, 2000.

Approximately one month after the judge imposed the one-year suspended sentence, the defendant filed a motion to revise or revoke his sentence pursuant to rule 29 (a).[2] The motion did not include a supporting affidavit, nor did it provide any reasons

---

[1] The defendant was also charged with unlicensed operation of a motor vehicle in violation of G. L. c. 90, § 10, and two civil motor vehicle infractions. The unlicensed operation charge was dismissed.

[2] Rule 29 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 899 (1979), provides in relevant part: "The trial judge upon . . . the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done." The judge

why it was filed. Rather, the motion simply stated, "AS REASONS THEREFORE, the Defendant states that []he relies upon the affidavit to be filed prior to the hearing on this matter." The defendant took no further action on this matter until February, 2001, which was approximately eighteen months after he was sentenced, and six months after his sentence had ended. At that time, the defendant filed the affidavit in support of his motion, and requested that his motion be scheduled for a hearing. The affidavit stated that the defendant was not an American citizen, that as a result of "this charge and sentence," he had been held in "immigration custody," and that he was "subject to deportation pending a hearing." The defendant alleged that the judge who sentenced him did not know about his immigration status. He further averred that an attorney advised him to file the motion to revise or revoke because he "may have problems in the future as a result of [the one-year] sentence."[3]

A hearing to consider the defendant's motion was held on March 13, 2001. At that time, the prosecutor objected to the defendant's motion on "general policy" grounds, but did not provide any specific reasons why the motion should be denied. The judge allowed the defendant's motion and reduced the defendant's sentence from one year to six months. The judge did not remember why he had imposed the original sentence, but reasoned that one year seemed a "tad out" from his usual policy, and "six months would have been appropriate." The judge acknowledged that the defendant had already completed his sentence, and, therefore, "the only effect may be the immigration" consequences. The Commonwealth appealed to the Appeals Court, which dismissed the case for lack of jurisdiction. The Commonwealth then petitioned a single justice of this court pursuant to G. L. c. 211, § 3.[4] The single justice dismissed the petition because "[t]he claim that a judge may not consider a

---

may hold a hearing on a motion filed under rule 29 (a) or rule on the motion based on the facts set forth in the affidavits without a hearing. Mass. R. Crim. P. 29 (b), 378 Mass. 899 (1979).

[3]The attorney who advised the defendant to file the motion to revise or revoke was not the attorney who represented him at the probation surrender hearing.

[4]General Laws c. 211, § 3, states in relevant part: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to

motion to revise and revoke a sentence based on an affidavit filed beyond the time limit permitted for filing such motions was not raised at the hearing below."[5] This appeal followed.

1. As a preliminary matter, we reject the defendant's contention that this case does not meet the high threshold required for relief under G. L. c. 211, § 3, and thus should not be considered. Review pursuant to G. L. c. 211, § 3, "is discretionary with the court." *Messing, Rudavsky & Weliky, P.C.* v. *President & Fellows of Harvard College*, 436 Mass. 347, 351 (2002). We will not exercise "[o]ur extraordinary powers under the statute . . . for ordinary cases." *Commonwealth* v. *Lowder*, 432 Mass. 92, 94 (2000), citing *Adams* v. *Cumberland Farms, Inc.*, 420 Mass. 807, 808 (1995). In this case, G. L. c. 211, § 3, is the only appellate remedy available to the Commonwealth. See *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996) (Commonwealth may appeal from Superior Court judge's allowance of motion to revise or revoke under G. L. c. 278, § 28E, but not from same ruling made by District Court judge). Moreover, "[i]t is well within this court's general superintendence power to correct a sentence that has been imposed contrary to law." *Id.*, and cases cited. Thus, it is appropriate to consider the Commonwealth's appeal pursuant to G. L. c. 211, § 3.

2. We will only reverse an order of a single justice if there is an abuse of discretion or other clear error of law. *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994). The Commonwealth contends that the single justice should have considered the merits of its contentions because it raised a question of jurisdiction.[6] We agree. It is well settled that rule 29 (a) "establishes strict jurisdictional time limits for the filing of . . .

---

correct and prevent errors and abuses therein if no other remedy is expressly provided . .. . ."

[5]The single justice also concluded: "Similarly unpreserved is the claim, unsupported by any affidavit, that defense lawyers throughout the Commonwealth routinely file motions to revise and revoke a sentence without supporting affidavits, then wait for favorable circumstances to materialize before filing the affidavit." The Commonwealth does not appear to challenge this part of the single justice's memorandum and judgment.

[6]The Commonwealth additionally alleges that it was error to dismiss the petition without considering the merits because: (1) there is "a right to appeal" the allowance of a motion to revise or revoke pursuant to *Commonwealth*

motions [to revise or revoke a sentence]." *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982). It is also well established that questions of subject matter jurisdiction "may be raised at any time," *Commonwealth* v. *Cantres*, 405 Mass. 238, 240 (1989), citing *Commonwealth* v. *Andler*, 247 Mass. 580, 581 (1924), and are not waived even when not argued below.

We, therefore, proceed to consider whether the District Court judge in this case had jurisdiction over the defendant's motion to revise or revoke. The Commonwealth contends that the judge lacked jurisdiction because the motion, which was heard eighteen months after the sentence had been imposed, and after the sentence had been completed, was not considered within a reasonable time.[7] We need not address this argument because we conclude that the motion itself did not satisfy the jurisdictional requirement that it be filed within sixty days after sentencing. See Mass. R. Crim. P. 29 (a). Because this issue implicates the judge's authority to hear the motion, we are obligated to raise it even though it was not argued by the parties. See *Commonwealth* v. *Andler, supra* at 582 ("duty of the court to consider" lack of jurisdiction even when not raised by the parties).

A motion to revise or revoke a sentence must be filed within sixty days after a sentence is imposed. Mass. R. Crim. P. 29 (a). It is well settled that a judge cannot consider such a motion filed beyond this time frame. See, e.g., *Commonwealth* v. *Callahan*, 419 Mass. 306, 308 (1995) ("This sixty-day time period established in the rule is absolute and may not be extended");

v. *Cowan*, 422 Mass. 546 (1996); and (2) the prosecutor was not required to specifically object to the allowance of the motion pursuant to *Commonwealth* v. *Barclay*, 424 Mass. 377 (1997). We need not consider these arguments because we conclude that the Commonwealth's petition raised a question of subject matter jurisdiction, and therefore was not waived.

[7]Rule 29 requires that the judge consider the motion to revise or revoke the sentence within a reasonable time after the motion is filed. See *Commonwealth* v. *Barclay*, 424 Mass. 377, 380-381 (1997) (concluding that six-year delay between defendant's sentencing and consideration of motion to revise or revoke was unreasonable); *Commonwealth* v. *Layne*, 386 Mass. 291, 295-296 (1982) (stressing that "[w]ith the passage of time from the date of sentencing, it becomes increasingly difficult for a trial judge to make the determination called for by the rule without improperly considering postsentencing events"); K. B. Smith, Criminal Practice and Procedure § 2028 (2d ed. 1983 & Supp. 2003).

*Commonwealth* v. *Layne, supra.* Rule 29 (b) also requires that a defendant who files a motion to revise or revoke "shall" file an affidavit in support of his position. The rule does not, however, explicitly state when the affidavit must be filed.

The defendant contends that his motion satisfied the rule's jurisdictional requirements because the motion was filed less than sixty days after he was sentenced. He does not afford significance to the fact that he failed to provide any basis for the motion or any affidavit in support of the motion until approximately eighteen months after he was sentenced, which was seventeen months after the motion was filed. Given the purpose of rule 29, we disagree with the defendant's interpretation of the rule. We conclude that to be properly filed, a motion to revise or revoke must be accompanied by an affidavit, or otherwise indicate the grounds on which it is based.

The rule's "purpose is to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing,* whether the sentence was just." *Commonwealth* v. *Layne, supra,* and cases cited. The affidavit, in turn, is intended to identify such facts that would warrant the allowance of the motion. In considering whether to allow a motion to revise or revoke, "we have repeatedly and unequivocally held that a judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing." *Commonwealth* v. *Barclay,* 424 Mass. 377, 380 (1997). *Commonwealth* v. *Sitko,* 372 Mass. 305, 312-314 (1977). Because a motion to revise or revoke can rely only on facts or circumstances that existed at the time of sentencing, we cannot perceive any valid reason why a defendant could not identify at least some basis for the motion when it is filed. Moreover, by requiring the motion to identify the grounds on which it is based at the time it is filed, there is less chance that it will improperly rely on postsentencing events. We also note that it appears that the rule anticipated that the motion and affidavit would be filed simultaneously. It treats the motion and affidavit as a single unit: "The defendant shall serve the prosecutor with a copy of *any motion and affidavit* filed pursuant to this rule" (emphasis added). Mass. R. Crim. P. 29 (c).

Although we need not consider whether the defendant's mo-

tion improperly relied on postsentencing events (i.e., the defendant's detention and the scheduling of a deportation hearing), or whether the judge's decision was based on the changed circumstances, we note that, even if the defendant's motion was solely based on the possibility that he would be subject to immigration consequences, it did not present any valid ground for changing the sentence. "The possibility that the defendant would be subject to action by the [United States Immigration and Naturalization Service] is a collateral consequence and cannot be the basis for the judge's decision as to the disposition of . . . any . . . case." *Commonwealth* v. *Quispe*, 433 Mass. 508, 513 (2001).

3. For the reasons stated above, we vacate the judgment of the single justice, and remand the case to the county court for entry of a judgment, pursuant to G. L. c. 211, § 3, reinstating the original sentence imposed in the District Court.

*So ordered.*