## Commonwealth *vs.* Judith L. McCulloch.

Suffolk. December 4, 2007. - January 24, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Botsford, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Appeal by Commonwealth, Continuance without a finding, *Restitution.*

This court exercised its discretion to review a case that was moot, where the issue presented was of significant public importance and there appeared to be some uncertainty about it, where the parties had fully briefed and argued the issue, and where the issue was capable of repetition, yet evading review. [486-487]

A District Court judge lacked authority to vacate his finding of guilt on a criminal complaint charging the defendant with negligent operation of a motor vehicle and enter a continuance without a finding conditioned on the defendant's payment of restitution, where the explicit terms of Mass. R. Crim. P. 29, 378 Mass. 899 (1979), permit a judge to revise or revoke a sentence, but not a finding of guilt. [487-490]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on July 10, 2006.

The case was heard by *Cordy,* J.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

*Marc C. Laredo* for the defendant.

Spina, J. In this appeal from the denial of the Commonwealth's petition for relief under G. L. c. 211, § 3, by a single justice of this court, we consider whether a District Court judge had the authority pursuant to Mass. R. Crim. P. 29, 378 Mass. 899 (1979), to vacate his finding of guilt on a criminal complaint and enter a continuance without a finding conditioned on a defendant's payment of restitution. We conclude that the judge possessed no such authority under rule 29, or otherwise.

The background of the case is as follows. On the evening of September 10, 2005, Richard Morris, who was twenty years old

and from Rockport, was driving a red Toyota Camry automobile north on Eastern Avenue in Gloucester. Three passengers were with him in the vehicle. The defendant, Judith L. McCulloch, was driving a black Lexus automobile south on Eastern Avenue at the same time. She attempted to make a left turn onto Witham Street, ended up short of the intersection, and crashed into the Camry. Two of the passengers in that vehicle were seriously injured.

A criminal complaint issued in the Gloucester Division of the District Court Department charging the defendant with negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (*a*). On March 20, 2006, the defendant pleaded guilty to the charge, and the judge entered a guilty finding. She was sentenced to one year of administrative probation, and a restitution hearing was scheduled for May 8, 2006.

On that date, the defendant filed a timely motion under rule 29, to revise or revoke her sentence. The defendant's motion stated, without elaboration, that "unique" and "extenuating" circumstances, coupled with principles of "basic fairness and justice," dictated that her motion be allowed. An accompanying affidavit of counsel stated that the defendant had "cooperated with the conditions of her probation to the best of her ability," had "done her best to remain out of trouble," and had "learned from [her] experience." That same day, May 8, 2006, over the Commonwealth's objection, the District Court judge allowed the motion to revise or revoke. He then issued an order vacating the guilty finding and entering a continuance without a finding for one day, conditioned on the defendant's immediate payment of $6,000 in restitution to Kyleen Kelleher, one of the injured Camry passengers.[1] The defendant complied with the terms of this disposition, and the criminal complaint was dismissed.[2]

On July 10, 2006, the Commonwealth filed a petition for relief, pursuant to G. L. c. 211, § 3, in the county court. It sought review of the judge's allowance of the defendant's mo-

---

[1]The restitution was to reimburse Kyleen Kelleher for one year of nonrefundable college tuition payments that were lost as a result of her not being able to attend classes due to her injuries.

[2]The Commonwealth did not file a motion to stay the proceedings before the defendant's case was dismissed.

tion to revise or revoke a guilty finding, and the entry of a continuance without a finding with conditions.[3] The single justice ordered the District Court judge to issue written findings and rulings with respect to his determination, and, once issued,[4] the single justice denied the Commonwealth's petition for relief. The Commonwealth then appealed to the full court pursuant to G. L. c. 231, § 114.

General Laws c. 211, § 3, confers on this court the power of "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." In *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996), we held that the Commonwealth could properly file a petition for relief under G. L. c. 211, § 3, with a single justice, challenging the allowance of a rule 29 motion by a District Court judge. We opined that because the Commonwealth had a right to appeal from the issuance of a revise or revoke order by a Superior Court judge under G. L. c. 278, § 28E, it would be inconsistent not to afford the Commonwealth the same right when the order was issued by a District Court judge, as to which § 28E did not provide the Commonwealth with any appellate remedy. See *id.* See also *Commonwealth* v. *DeJesus*, 440 Mass. 147, 150 (2003); *Commonwealth* v. *Richards*, 44 Mass. App. Ct. 478, 480 (1998). "We shall reverse a decision of a single justice only when there

---

[3]The Commonwealth does not take issue with the order of restitution which, in its view, was supported by the record. See *Commonwealth* v. *McIntyre*, 436 Mass. 829, 831-836 (2002) (discussing proper scope of restitution imposed as condition of probation); *Commonwealth* v. *Casanova*, 65 Mass. App. Ct. 750, 754-755 n.7 (2006) (stating that lost tuition "would appear to fall within the ambit of available restitution on proper proof of causal connection"). The single justice concluded that the "order of restitution was properly calibrated to the losses incurred by [Kyleen Kelleher]," as required by *Commonwealth* v. *Rotonda*, 434 Mass. 211, 221 (2001). The defendant has not challenged this conclusion. Moreover, the District Court judge scheduled a restitution hearing *before* the defendant filed her rule 29 motion, plainly suggesting that the defendant was going to be obligated to pay restitution, irrespective of subsequent proceedings. Accordingly, we do not disturb the restitution order.

[4]In his findings, the judge stated that his decision to allow the defendant's motion to revise or revoke was focused not on the defendant, but, rather, on Kyleen Kelleher. The judge opined that he wanted to make it possible for her to pursue her postsecondary education, which would be facilitated by the $6,000 in restitution.

is clear error of law or an abuse of discretion." *Department of Mental Retardation* v. *Kendrew*, 418 Mass. 50, 53 (1994). See *Milton* v. *Boston*, 427 Mass. 1016, 1016-1017 (1998).

As a preliminary matter, the defendant contends that, because she paid restitution as mandated by the District Court judge, she effectively has served her sentence, and, therefore, the case against her is now moot. See *Commonwealth* v. *Resende*, 427 Mass. 1005, 1006 (1998) (Commonwealth's appeal from disposition of continuance without finding dismissed for mootness where defendants already had served sentences); *Commonwealth* v. *Gomes*, 419 Mass. 630, 631 n.2 (1995). At no time did the Commonwealth file a motion to stay the defendant's sentence pending appeal. Nonetheless, we conclude that the issues raised by the Commonwealth warrant our consideration.[5]

It is within the discretion of this court to review a case regardless of its mootness. See *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 782-783 (1984). We exercise that discretion here because the meaning of rule 29 is of significant public importance, and there appears to be some uncertainty about it. See *Newspapers of New England, Inc.* v. *Clerk-Magistrate of the Ware Div. of the Dist. Court Dep't*, 403 Mass. 628, 629 n.4 (1988), cert. denied, 490 U.S. 1066 (1989) (although case was "clearly moot," court would address its merits "because of the strong public interest in the matter"); *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943). Moreover, "notwithstanding the lack of a live controversy," we are willing to make an exception to the mootness doctrine where the parties have fully briefed and argued the issues of a case, *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993), and where the issues are "capable of repetition, yet evading review." *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298 & n.7 (1975), quoting *Southern Pac. Terminal Co.* v. *Interstate Commerce*

---

[5]The defendant further argues that the Commonwealth's petition for relief under G. L. c. 211, § 3, was untimely where it was filed sixty-three days after the judge's allowance of the defendant's motion to revise or revoke on May 8, 2006. Given that the single justice considered the merits of the Commonwealth's petition, and that the interests of justice demand that we correct an error of law made by the District Court judge, we need not consider the defendant's argument on timeliness.

*Comm'n*, 219 U.S. 498, 515 (1911). See *Lockhart* v. *Attorney Gen.*, *supra* at 783-784, and cases cited.

Turning to the merits of the present appeal, the Commonwealth contends that the judge's use of rule 29 to vacate his finding of guilt on the criminal complaint and to enter a continuance without a finding conditioned on the defendant's payment of $6,000 in restitution to Kyleen Kelleher was erroneous. We agree.

Rule 29 states, in pertinent part:

> "(a) Revision or Revocation. The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may upon such terms and conditions as he shall order, revise or revoke such *sentence* if it appears that justice may not have been done" (emphasis added).

The purpose of a rule 29 motion is "to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing*, whether the sentence was just" (emphasis in original). *Commonwealth* v. *DeJesus*, *supra* at 152, quoting *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982). See *Commonwealth* v. *Amirault*, 415 Mass. 112, 117 (1993). "Occasions inevitably will occur where a conscientious judge, after reflection or upon receipt of new probation reports or other information, will feel that he has been too harsh or has failed to give due weight to mitigating factors which properly he should have taken into account. In such cases the interests of justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time." *District Attorney for the N. Dist.* v. *Superior Court*, 342 Mass. 119, 128 (1961). See K.B. Smith, Criminal Practice and Procedure § 40.13 (3d ed. 2007). In essence, "[t]he rule governs reductions of sentences motivated by demands of fairness." Reporters' Notes to Mass. R. Crim. P. 29, Mass. Ann. Laws, Rules of Criminal Procedure at 1601 (LexisNexis 2007).

When considering whether to allow a defendant's motion to revise or revoke, "a judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing." *Commonwealth* v. *Barclay*, 424 Mass. 377, 380 (1997). See *Commonwealth* v. *White*, 436 Mass. 340, 344-345 n.3 (2002)

(prohibiting consideration of postsentence conduct when reviewing rule 29 motion); *Commonwealth* v. *McGuinness*, 421 Mass. 472, 476 n.4 (1995) ("A judge may not interfere with the executive function of the parole board by using postconviction evidence in an order to revise and revoke").

By the explicit terms of rule 29, if a judge determines that justice has not been done, the judge may revise or revoke a *sentence*, not a finding of guilt.[6] When the judge vacated the finding of guilt on the criminal complaint and entered a continuance without a finding subject to the payment of restitution, he effectively erased all vestiges of the criminal proceedings against the defendant. Such action was not within the purview of the judge's authority under rule 29. We agree with the Commonwealth that, in her motion to revise or revoke, the defendant did not allude to any specific circumstances in existence on March 20, 2006, that called into question the propriety of her sentence. The District Court judge's decision was motivated, as he acknowledged, by his concern for Kyleen Kelleher which, while laudable, had nothing to do with the fairness of the defendant's sentence. Therefore, the defendant's rule 29 motion should not have been allowed.

Unlike a sentence, a finding of guilt, once entered, is "final and irrevocable except through appeal or motion for a new trial."[7] *Commonwealth* v. *Gomes*, 419 Mass. 630, 632 (1995).

---

[6]In his determination, the District Court judge opined that Mass. R. Crim. P. 29, 378 Mass. 899 (1979), conferred on him "the power to revoke not just the [defendant's] sentence, but also the entry of a guilty finding and the guilty plea itself." He noted that rule 29 was drawn, in part, from G. L. c. 278, § 29A, inserted by St. 1959, c. 167, § 1, which stated that "in the event of revocation, [a district court may] permit the withdrawal of the plea upon which the sentence was imposed." See *Commonwealth* v. *Richards*, 44 Mass. App. Ct. 478, 480-481 (1998). See also Reporters' Notes to Mass. R. Crim. P. 29, Mass. Ann. Laws, Rules of Criminal Procedure at 1600-1601 (LexisNexis 2007). However, G. L. c. 278, § 29A, was repealed in 1979 when the Massachusetts Rules of Criminal Procedure became effective. See St. 1979, c. 344, § 46. Rule 29, which replaced G. L. c. 278, § 29A, omits any reference to the withdrawal of pleas. See *Industrial Bankers of Mass., Inc.* v. *Reid, Murdoch & Co.*, 297 Mass. 119, 123-124 (1937) (omission of language in revised statute "plainly indicated a legislative intent to change" law). Consequently, rule 29 does not provide any authority for the judge's action in vacating the entry of a finding of guilt.

[7]A defendant who wishes to withdraw a guilty plea may file a motion for a

See *Commonwealth* v. *Cabrera*, 449 Mass. 825, 830 (2007) ("A guilty plea, once accepted, leads to a final judgment of conviction; like a verdict of guilty, it is conclusive"); *Commonwealth* v. *Gaumond*, 53 Mass. App. Ct. 912 (2002) (rule 29 motion not proper vehicle for defendant to challenge validity of guilty plea). Cf. *Commonwealth* v. *Fanelli*, 412 Mass. 497, 504 (1992) (postsentence motion to withdraw guilty pleas treated as motion for new trial). In *Commonwealth* v. *Gomes*, *supra* at 632-633, we considered when a finding of guilty, made by a judge at a jury-waived trial, becomes final, and we cited with approval Standard 8:00 of the Standards of Judicial Practice, Sentencing and Other Dispositions of the District Court Department of the Trial Court (Sept. 1984),[8] which addresses the issue of the finality of verdicts. The standard includes the statement: "A finding of guilty cannot be revoked." The Commentary to Standard 8:00 provides that: "The judge may revise or revoke the sentence originally imposed, but the finding of guilty must stand." For purposes of finality, it is immaterial that a guilty finding enters following a plea rather than as a result of a trial. Cf. *Commonwealth* v. *Given*, 441 Mass. 741, 744, cert. denied, 543 U.S. 948 (2004) ("An accepted guilty plea is a judicial finding of guilt, entered after a judge is satisfied that, among other things, there is a factual basis for the underlying charge"); *Commonwealth* v. *Balliro*, 437 Mass. 163, 166 (2002) (once guilty plea accepted, "nothing more is required except for the court to give judgment and sentence"). We conclude that the District Court judge erred in using rule 29 to vacate his finding of guilt on the criminal complaint charging the defendant with negligent operation of a motor vehicle.

new trial under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 504 (1992). No such motion was filed by the defendant here.

[8]The Standards of Judicial Practice, Sentencing and Other Dispositions of the District Court Department of the Trial Court (Sept. 1984), "are designed to assist in the implementation of existing criminal statutes and rules with respect to sentencing and other dispositional proceedings. In this aspect, they principally constitute a field guide or practice manual for judges, clerk-magistrates, and probation officers . . . . They are not intended to create a new form of criminal disposition that can be utilized beyond the boundaries of existing rules and statutes." *Commonwealth* v. *Norrell*, 423 Mass. 725, 729 (1996).

The judgment of the single justice denying relief under G. L. c. 211, § 3, is reversed. A judgment shall enter in the county court vacating so much of the District Court judge's order as allowed the defendant's motion to revise or revoke her sentence, reinstating the guilty finding, and reinstating the defendant's sentence of one year of administrative probation.

*So ordered.*