Acting on a motion to revise and revoke a sentence under Mass.R.Crim.P. 29(a), a Superior Court judge reduced the defendant's sentence for armed robbery from six to eight years, to five to seven years. The principal basis for the judge's decision was that after she had imposed the six- to eight-year sentence, the defendant's coventurer, who had been separately tried before a different judge, had received a five- to seven-year sentence with respect to the same armed robbery. Because in doing so the judge ran afoul of Supreme Judicial Court precedent by improperly basing the decision on a postsentencing event, we vacate the order and remand the matter for further consideration consistent with this memorandum and order.
1. Background. In 2012, Robinson Tejeda participated in an armed robbery that went awry, and during which one of his coventurers was shot and killed. The details of the crime are set forth in Commonwealth v. Tejeda, 473 Mass. 269, 270 (2015). For present purposes, it is material that the defendant remained outside in a vehicle while his coventurers, Stephen Etienne and Christopher Pichardo, entered a building to meet a drug dealer. Ibid. During the ensuing armed robbery of the drug dealer, Etienne attempted a distraction and thereafter Pichardo was shot, and later died. Ibid.
In March, 2014, a Superior Court jury convicted the defendant of murder in the second degree on the theory of felony-murder, in violation of G. L. c. 265, § 1 ; armed robbery, in violation of G. L. c. 265, § 17 ; home invasion, in violation of G. L. c. 265, § 18C ; and possession with intent to distribute a class D controlled substance (marijuana), in violation of G. L. c. 94C, § 32C(a ). See Tejeda, 473 Mass. at 270-271. The trial judge thereafter allowed the defendant's motion for a required finding of not guilty as to the felony-murder conviction, left the remaining convictions standing, and sentenced the defendant to six to eight years in State prison on the armed robbery offense, and to three years' probation from and after the sentence for armed robbery. Id. at 271. On appeal, the Supreme Judicial Court affirmed the required finding of not guilty on the charge of murder in the second degree, but also affirmed the judgments as to the defendant's remaining convictions. Id. at 271, 281-282.
On January 27, 2016, the defendant filed a timely motion to revise or revoke his six- to eight-year sentence, pursuant to Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979).[2] The motion was succinct, and was not accompanied by an affidavit. The defendant argued principally that the sentence was unjust because, when compared to his coventurers, the defendant had the least involvement in the criminal acts, and because his coventurer Etienne, who had a greater role in the armed robbery and (allegedly) a more serious criminal history, received a less severe sentence of five to seven years on his armed robbery charge. Etienne had been tried before a different Superior Court judge, and was sentenced after the defendant.
The judge allowed the motion, and reduced the defendant's sentence to five to seven years. The judge reasoned:
"I think it's a fairly straightforward issue. You know, frankly I think there's a real value to treating like cases alike as much as possible. It's hard sometimes to decide if cases are exactly alike. There's differences in criminal records, there's different facts or different levels of involvement. When it comes down to it, however, if I had Mr. Tejeda here and was sentencing him at the same time as Mr. Etienne, if they had been tried together, then I would have imposed the same sentence."
The Commonwealth appeals.
2. Discussion. We review the disposition of a motion to revise or revoke a sentence for abuse of discretion. Commonwealth v. Malick, 86 Mass. App. Ct. 174, 185 (2014), citing Commonwealth v. Derry, 26 Mass. App. Ct. 10, 13 (1988). Though the power to revise or revoke is "severely limited," Commonwealth v. Jackson, 80 Mass. App. Ct. 528, 533 (2011), a judge may revise or revoke a sentence if it appears that "justice may not have been done." Mass.R.Crim.P. 29(a).
On appeal, the Commonwealth raises two issues. The Commonwealth argues first that the defendant's rule 29 motion should have been denied because it was not accompanied by an affidavit. The Commonwealth cites Mass.R.Crim.P. 29(b), which stated, at the time of the defendant's motion, that "[i]f a defendant files a motion pursuant to this rule, he shall file and serve and the prosecutor may file and serve affidavits in support of their respective positions."[3] 378 Mass. 900 (1979). The Commonwealth reads this language to require the denial of any rule 29 motion not accompanied by an affidavit.
We cannot agree, because such a requirement would circumscribe the judge's discretion to grant rule 29 relief, and it would do so in a manner inconsistent with the rule's basic structure. Rule 29 itself contemplates that a sentence may be revised or revoked not only upon motion by the defendant, but also "upon [the judge's] own motion." In such circumstances there would be no motion from a party and no affidavit, so clearly an affidavit is not always required before rule 29 relief can be granted. And since the judge can grant such relief on her own motion, it follows that the judge cannot be prevented from granting rule 29 relief that she determines is merited, merely because the matter first came before her on a motion by the defendant without an affidavit. We accordingly read rule 29(b) as stating an enforceable requirement that movants file an affidavit, but we do not read it to prohibit the judge from considering an unaccompanied motion if she so chooses.
This understanding of the rule finds support in the case law as well; in Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003), the Supreme Judicial Court stated that in order for a motion to revise or revoke to be "properly filed," the motion "must be accompanied by an affidavit, or otherwise indicate the grounds upon which [the motion] is based" (emphasis supplied). The DeJesus formulation thus explicitly contemplates that a rule 29 motion not accompanied by an affidavit can still be "properly filed." Ibid.
Here, the defendant's motion set forth the "grounds upon which it is based"-that is, that coventurer Etienne received a lesser sentence, even though Etienne "played a greater role in the offense, and ... ha[d] a more serious criminal history." There was no error in considering the motion.
The Commonwealth next challenges the judge's decision on its merits. The gist of the Commonwealth's argument is that the judge should not have relied upon the sentence imposed upon the coventurer, Etienne, because it was imposed after the defendant's sentence, and because the judge was not personally familiar with the facts adduced at Etienne's trial and sentencing.
Nothing in the language of rule 29 itself prohibits a judge from considering a defendant's claim that his sentence should be reduced because a similarly situated coventurer subsequently received a more lenient sentence.[4] Nevertheless, the Supreme Judicial Court opinions interpreting the rule have repeatedly stated that a rule 29 evaluation is to be done "in light of the facts as they existed at the time of sentencing." Commonwealth v. McCulloch, 450 Mass. 483, 487 (2008). Commonwealth v. Rodriguez, 461 Mass. 256, 260 (2012). These cases have been taken to establish a bright-line rule, and the above language from the cases now appears in the Reporter's Notes to Rule 29. Here, Etienne's sentencing occurred after the defendant's and hence did not exist "at the time of sentencing." While no case addresses such a factual context, we are reluctant to recognize an exception to the rule stated in the case law, and hence we must conclude that the judge erred by relying on Etienne's subsequently imposed sentence. Making an exception would more appropriately be left to the Supreme Judicial Court.
At the same time, a judge entertaining a rule 29 motion has broad discretion to take a hard look at whether she believes the original sentence was, in hindsight, too strict. Commonwealth v. McCulloch, supra. That evaluation is subject to the sentencing judge's sound discretion, and as discussed above, the judge can address whether to revise or revoke a sentence sua sponte. Having read the judge's comments at the hearing, we are unclear whether she still would reduce the original sentence even though she could not do so based on the sentence subsequently given to a coventurer. We therefore vacate the judge's ruling on the motion and remand this matter for reconsideration of that motion, and the defendant's sentence, in light of this memorandum and order.
So ordered.
Vacated and remanded

At the time the defendant filed his motion, rule 29(a) stated: "The trial judge upon his [or her] own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, [or] within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, ... may upon such terms and conditions as he [or she] shall order, revise or revoke such sentence if it appears that justice may not have been done."

This language was revised in 2016, after the defendant's rule 29 motion; the revisions are not material for present purposes.

Moreover, our cases establish that the sentences given to codefendants ordinarily are a valid consideration for rule 29 purposes. Commonwealth v. Derry, 26 Mass. App. Ct. 10, 13 (1988) (sentencing judge can consider disparity among codefendants' sentences "as one (but not the only) important consideration in revoking the defendant's sentence and revising it."