NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12593


COMMONWEALTH  vs.  ROBINSON TEJEDA.



Suffolk.     December 4, 2018. - March 29, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.



Practice, Criminal, Sentence.  Joint Enterprise.




Indictments found and returned in the Superior Court
Department on April 27, 2012.

Following review by this court, 473 Mass. 269 (2015), a
motion to revise and revoke the defendant's sentence was heard
by Janet L. Sanders, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


Dana Alan Curhan for the defendant.
Helle Sachse, Assistant District Attorney, for the
Commonwealth.


LOWY, J.  The issue before us is whether a judge may allow

a defendant's motion to revise and revoke a sentence under Mass.

R. Crim. P. 29 (a) (2), as appearing in 474 Mass. 1503 (2016),

based upon the disparity between the defendant's sentence and a

coventurer's sentence subsequently imposed by a different judge. Although generally motions to revise and revoke sentences must be based on facts as they existed at the time of sentencing, today we recognize a limited exception that allows judges to consider a coventurer's sentence for the same crime even if imposed subsequent to the defendant's sentence where it is reasonably apparent that the defendant was less or equally culpable than his subsequently-sentenced coventurer.  Because we conclude that the circumstances of this case fit that narrow exception, we affirm the decision of the judge to grant the defendant's motion to revise and revoke his sentence to match that of his coventurer.

Background.  After a jury trial, the defendant, Robinson Tejeda, was convicted of armed robbery and other charges.[1]  This court affirmed his convictions in Commonwealth v. Tejeda, 473 Mass. 269, 281-282 (2015).  The defendant's convictions stem from his involvement in the robbery of a man from whom the defendant and two friends had arranged to buy marijuana.  Id. at 270-271.  The defendant remained in the vehicle while his two coventurers, Christopher Pichardo and Stephane Etienne, entered

---

[1] The defendant also was convicted of possession of a class D controlled substance with intent to distribute, home invasion, and murder in the second degree.  Commonwealth v. Tejeda, 473 Mass. 269, 269-270 (2015).  His motion for judgment notwithstanding the verdict was allowed as to the murder conviction and affirmed by this court.  Id. at 281-282.

a residence with the intention of obtaining the marijuana through a ruse, rather than through payment. Id. at 270. Their robbery led to a gun fight, during which Pichardo was shot and killed. Id. On May 8, 2014, the defendant received a State prison sentence of from six to eight years on the armed robbery count.

After a separate trial before a different judge in April 2015, Etienne received a State prison term of from five to seven years for armed robbery. The defendant subsequently filed a motion to revise and revoke based on the disparity between those sentences. The judge agreed with the defendant and reduced his sentence to match the sentence of Etienne.[2] The Commonwealth appealed, and in an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court reversed, concluding insofar as relevant here that the judge's decision was improperly based on an event that occurred after the defendant had already been

---

[2] In support of her decision, the judge stated:

"I think it's a fairly straightforward issue. You know, frankly I think there's a real value to treating like cases alike as much as possible. It's hard sometimes to decide if cases are exactly alike. There's differences in criminal records, there's different facts or different levels of involvement. When it comes down to it, however, if I had Mr. Tejeda here and was sentencing him at the same time as Mr. Etienne, if they had been tried together, then I would have imposed the same sentence. So I'm going to allow the motion and reduce the sentence to the sentence that Mr. Etienne received."

sentenced. Commonwealth v. Tejeda, 93 Mass. App. Ct. 1116 (2018). We allowed the defendant's application for further appellate review.

Discussion. Rule 29 (a) (2) provides that "[t]he trial judge, upon the judge's own motion, or the written motion of a defendant, filed within sixty days after the imposition of a sentence or within sixty days after issuance of a rescript by an appellate court on direct review, may, upon such terms and conditions as the judge shall order, revise or revoke such sentence if it appears that justice may not have been done." Although a trial judge's power under rule 29 (a) "to revise or revoke a criminal disposition is severely limited," Commonwealth v. Goodwin, 458 Mass. 11, 16 (2010), the rule's purpose is to allow a judge to consider whether the sentence imposed was just "in light of the facts as they existed at the time of sentencing." Commonwealth v. McCulloch, 450 Mass. 483, 487 (2008), quoting Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003). "In considering whether to allow a motion to revise or revoke, 'we have repeatedly and unequivocally held that a judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing.'" DeJesus, supra, quoting Commonwealth v. Barclay, 424 Mass. 377, 380 (1997). However, a judge may take into account a disparity among the

sentences of codefendants.  Commonwealth v. Derry, 26 Mass. App. Ct. 10, 13 (1988).

The Commonwealth contends that the judge abused her discretion in allowing the defendant's motion for two reasons. First, the Commonwealth asserts that the defendant's motion was inadequate because it was not accompanied by an affidavit and therefore should have been denied on procedural grounds.  See Mass. R. Crim. P. 29 (b) (party who files "motion pursuant to this rule . . . shall file and serve" affidavit in support of his or her position).  In DeJesus, 440 Mass. at 152, we considered the affidavit requirement and concluded that "to be properly filed, a motion to revise or revoke must be accompanied by an affidavit, or otherwise indicate the grounds on which it is based."  However, where, as here, the factual basis for a motion is clear despite the lack of an affidavit, rule 29 (b) is not so stringent as to preclude a judge from considering the motion.

The Commonwealth further argues that the judge abused her discretion in considering Etienne's sentence because Etienne was tried separately and sentenced after the defendant.  Therefore, the Commonwealth asserts, the reduction of the defendant's sentence was erroneously based on facts other than those available at sentencing.  Using our superintendence power, we now recognize a limited exception to the requirement that

motions to revise and revoke be based solely on facts as they existed at the time of sentencing:  a judge may consider a disparate sentence of a coventurer, tried separately and subsequently, who was convicted of the same crime where, at the time of sentencing, it is reasonably apparent that the defendant was less culpable than or equally culpable to his or her yet untried coventurer.

The underlying principles governing rule 29 motions are fairness and justice.  In keeping with these principles, our cases emphasizing that facts not in existence at the time of sentencing cannot serve as the basis for an altered sentence have focused on the conduct of the defendant or a denial of parole.  See, e.g., McCulloch, 450 Mass. at 487 (subsequent payment of restitution improper consideration in rule 29 motion); Barclay, 424 Mass. at 380 (positive conduct by defendant while incarcerated cannot be considered in rule 29 motion); Commonwealth v. Amirault, 415 Mass. 112, 115-117 (1993) (judge cannot revise and revoke sentence because parole board acted contrary to judge's expectations).  We do not depart from this well-settled law; a defendant's actions postsentencing are best considered by a parole board.[3]  See Commonwealth v.

---

[3] It remains within a judge's discretion to consider a defendant's behavior while on probation in determining whether to modify probation conditions.  Goodwin, 458 Mass. at 15-23 (judge has discretion to add, eliminate, or modify defendant's

McGuinness, 421 Mass. 472, 476 n.4 (1995) ("A judge may not interfere with the executive function of the parole board by using postconviction evidence in an order to revise and revoke").

However, in the circumstances of this case, it would be arbitrary to say the judge could have considered the coventurer's sentence if it had been imposed before the defendant's sentence, but find error in her consideration of the sentence solely because it was issued after the defendant's sentence. See Derry, 26 Mass. App. Ct. at 13. The facts that formed the grounds for each sentence were known at trial. The defendant remained in the vehicle while his two coventurers entered a residence with the intention of stealing drugs while armed with a firearm. One of the coventurers was killed in a shootout. Certainly, the defendant was culpable; he was convicted and sentenced to State prison. The defendant's culpability, however, was not commensurate with that of his surviving coventurer who entered the residence and engaged in a robbery that devolved into a shootout while the defendant waited outside in the vehicle. The difference between the defendant's culpability and that of his coventurer, Etienne, was reasonably apparent at the time of the defendant's original sentencing.

---

probation conditions based on defendant's performance while on probation, be it positive or negative).

In the circumstances of this case, the judge did not abuse her discretion in considering the coventurer's later-imposed sentence where the coventurer was more culpable and received a more lenient sentence.  The allowance of the defendant's motion to revise and revoke his sentence is affirmed.

<u>So ordered</u>.
