NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1072

COMMONWEALTH

vs.

TREDANE PURDY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Tredane Purdy, appeals from the denial by a Superior Court judge of his motion to revise and revoke his sentence, or in the alternative for release from unlawful restraint. The defendant argues that the sentence was based on inaccurate information because at sentencing defense counsel gave the judge an incorrect calculation of the defendant's credits for "good time," which was ineffective assistance of counsel, and the prosecutor improperly told the judge that the defendant's criminal record qualified him for a level three sentencing enhancement under the armed career criminal act (ACCA), G. L. c. 269, § 10G (c). Because the judge made clear

that she sentenced the defendant on proper considerations, we affirm.

Background.  On November 14, 2014, the defendant pleaded guilty to numerous charges arising out of an armed home invasion.  In accordance with the parties' plea agreement, the plea judge imposed a level two sentencing enhancement under the ACCA, G. L. c. 269, § 10G (b), sentencing the defendant to ten to twelve years in State prison, with three years' probation thereafter.

The defendant filed a motion to vacate and correct his sentence, which a Superior Court judge denied.  On appeal, a panel of this court vacated the denial, ruling that one of the predicate offenses on which the plea judge based the level two sentencing enhancement was assault and battery by means of a dangerous weapon, which is not categorically a crime of violence as defined in the ACCA, see Commonwealth v. Ashford, 486 Mass. 450, 466-468 (2020), and the Commonwealth failed to prove that it was one in this case.  Commonwealth v. Purdy, 99 Mass. App. Ct. 1125 (2021).  The panel remanded for the defendant to be resentenced with a level one ACCA sentencing enhancement.  Id.

On remand, another Superior Court judge conducted two hearings on the defendant's resentencing.  At the first hearing, the defendant's counsel told the judge that in calculating his wrap-up date, the defendant would receive credit for "about 54

days off every year is my understanding."  The judge commented that if that were the case, on a sentence with a higher number of twelve years, the defendant's wrap-up date would be at ten years.  The judge continued the matter, saying that she wanted to review the record including the transcript of the plea hearing.

At the second hearing about a week later, the judge said she had considered the parties' arguments and recommendations, a supplemental sentencing memorandum from the defendant, and the plea colloquy.  Applying an ACCA level one sentencing enhancement, the judge resentenced the defendant to nine to twelve years in State prison, nunc pro tunc to November 14, 2014, with 744 days' jail credit.  Both the judge and clerk informed the parties that the Department of Correction would calculate any credits due for good time.

About thirteen months later, the defendant moved to revise and revoke his sentence, Mass. R. Crim. P. 29 (a) (2), as appearing in 489 Mass. 1503 (2022), or in the alternative for release from unlawful restraint, Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001).  Represented by new counsel, the defendant argued that the lawyer who had represented him at resentencing gave the judge an inaccurate calculation of the defendant's good time and wrap-up date, and that the judge must have relied on those calculations because the judge had said,

3

"[I]f you get the numbers and they're not right come back to me and we'll fix it."  The same judge who had resentenced the defendant denied the motion, stating explicitly that she had based the sentences on the "egregious nature of the facts," not on the defendant's parole eligibility or his counsel's wrap-up date calculations, and her reference to correcting the "numbers" pertained to the 744 days' jail credit, "not good time credit." The defendant filed a motion to reconsider, which the judge denied.

Discussion.  1.  Motion to revise and revoke or for release from unlawful restraint.  The defendant contends that the judge abused her discretion in denying his motion to revise and revoke or for release from unlawful restraint, because at his resentencing the judge was "misled" about the length of the sentence he would serve.

We review the denial of a motion to revise and revoke, Mass. R. Crim. P. 29 (a) (2), or for release from unlawful restraint, Mass. R. Crim. P. 30 (a), for an abuse of discretion or error of law.[1]  See Commonwealth v. Tejeda, 481 Mass. 794, 795-796 (2019) (motion to revise and revoke under rule 29 [a]);

_____

[1] We note that the record before us states that the defendant's wrap-up date on the committed portion of his sentence was April 28, 2024.  Because the defendant is presumably now serving the from-and-after probationary term imposed by the plea judge, the issues are not moot.

Commonwealth v. Plasse, 481 Mass. 199, 204 (2019) (motion for release from unlawful restraint under rule 30 [a]).  This court is not empowered to modify or adjust a lawful criminal sentence; we vacate a trial court's sentencing order and remand only if a sentence is unlawful,[2] see Commonwealth v. Woodward, 427 Mass. 659, 683 (1998), or in the rare circumstance, not present here, "where there is reason to think a sentencing judge may have considered uncharged conduct for an improper purpose." Commonwealth v. Suarez, 95 Mass. App. Ct. 562, 577 (2019).

The purpose of rule 29 (a) (2) is to allow a judge to consider "whether the sentence imposed was just 'in light of the facts as they existed at the time of sentencing'" (emphasis and citation omitted).  Tejeda, 481 Mass. at 796.  The purpose of rule 30 (a) is to permit a defendant to seek the correction of an "illegal" sentence, which is a sentence that is "in excess of the punishment prescribed by the relevant statutory provision or in some way contrary to the applicable statute." Commonwealth v. Layne, 21 Mass. App. Ct. 17, 19 (1985).

---

[2] If a sentence is lawful, the power to review or modify it is delegated to the Appellate Division of the Superior Court under G. L. c. 278, §§ 28A - 28C.  See Commonwealth v. Coleman, 390 Mass. 797, 804 (1984).  The defendant did not pursue such a sentencing appeal.

Setting aside the question whether the defendant's motion to revise and revoke was timely,[3] we conclude that the defendant failed to meet his burdens to show that at resentencing "justice may not have been done," Mass. R. Crim. P. 29 (a) (2), or that his sentence was unconstitutional or illegal, Mass. R. Crim. P. 30 (a). The defendant primarily argues that his resentencing was unjust because the judge relied on defense counsel's incorrect calculations of his wrap-up date. But the judge made clear that she did not rely on that information at sentencing. At the hearing on the motion for relief under rule 29 (a) or rule 30 (a), the judge stated, "[M]y decision is not based on parole eligibility . . . or on good time. I wasn't [e]ffecting a sentence by which [the defendant] would be released in 10 [years]." She explained that, instead, "I based my sentence at that time on the egregious nature of the facts, very egregious case, and on the egregious prior record of this defendant, both

_____

[3] The judge resentenced the defendant on September 23, 2021; he filed his motion to revise and revoke on October 25, 2022, more than thirteen months later. The defendant was required to file any motion to revise or revoke within sixty days of sentencing. See Mass. R. Crim. P. 29 (a) (2); Commonwealth v. Fenton F., 442 Mass. 31, 36 (2004) ("a judge cannot consider a motion filed after [sixty-day] time frame"). In the trial court, the defendant argued that his motion should be deemed timely because his counsel was ineffective at resentencing. The judge denied the motion without addressing its timeliness or making a finding whether resentencing counsel was ineffective.

of which factored into my decision, as they should, in sentencing."

Nor was the defendant's sentence illegal. The defendant was subject to a level one ACCA sentencing enhancement, G. L. c. 269, § 10G (a), which made him punishable in State prison by a term of three to fifteen years. The nine to twelve year sentence that the judge imposed at resentencing fell squarely within that statutory range. Because the defendant's sentence was not "illegal," or "in excess of or contrary to the applicable statutory provision," the defendant was not entitled to relief under either rule 29 (a) (2) or rule 30 (a). Layne, 21 Mass. App. Ct. at 19. We discern no abuse of discretion in the judge's denial of the motion.

2. Ineffective assistance of counsel. The defendant claims that at resentencing his lawyer inaccurately computed his wrap-up date, and in doing so provided him with ineffective assistance of counsel. We need not pause to consider whether counsel's performance at resentencing fell "measurably below that which might be expected from an ordinary fallible lawyer," because we conclude that in any event it did not "likely deprive[] the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). As discussed above, the judge made clear that in resentencing the defendant, she did not base the sentence on any

7

calculations of his good time or projections of his wrap-up date.  In those circumstances, the defendant has not met his burden to show that he would have received a lighter sentence had his counsel acted any differently (quotation and citation omitted).  Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 175 (2018).

3.  Prosecutor's reference to defendant's criminal record as consistent with level three sentencing enhancement.  At resentencing, the prosecutor argued that the defendant's criminal record was serious enough that it would have qualified him for an ACCA level three sentencing enhancement, although the judge was "bound by" the decision of this court that at the plea, the Commonwealth had presented facts to support only a level one sentencing enhancement.  At the hearing on the rule 29 and rule 30 motion, the prosecutor reiterated that the defendant's criminal record was serious enough to warrant a level three sentencing enhancement, and the judge commented, "It's actually a [four], isn't it? . . . . If there were such a thing."[4]  The defendant argues that those comments show that the

_____

[4] The ACCA provides for sentencing enhancements at levels one, two, and three, depending on whether a defendant has been previously convicted of one, two, or three violent crimes or serious drug offenses.  See G. L. c. 269, § 10G (a)-(c).  The statute contains no provision for an enhancement for someone with four or more such prior convictions.

8

judge and the prosecutor impermissibly treated him as subject to a level three sentencing enhancement, despite the holding of a panel of this court that he was subject only to a level one sentencing enhancement. We are not persuaded.

Passing over the question whether the defendant waived this claim by not raising it before the judge at resentencing or in his motion for relief under rules 29 and 30,[5] the claim is without merit. The judge repeatedly made plain at resentencing that she understood that the defendant was subject to a level one sentencing enhancement. In imposing the nine to twelve year sentence, the clerk recited that it was "as an armed career criminal Level 1." See G. L. c. 269, § 10G (a). If the judge had in fact treated the defendant as subject to a level three sentencing enhancement, that would have required imposition of a minimum mandatory sentence of fifteen years. See G. L. c. 269, § 10G (c).

Conclusion. The judge did not abuse her discretion in denying the motion to revise and revoke or in the alternative for release from unlawful restraint. Accordingly, the order

---

[5] In his reply brief, the defendant argues that he raised the claim in his motion to reconsider which argued that resentencing was unjust because of "the appearance that the Court did not fully consider proper sentencing factors, and/or considered legally incorrect information" and the judge's "stated reasons on the record."

9

dated July 31, 2023, denying the motion to revise and revoke or in the alternative for release from unlawful restraint, is affirmed.  Further, the order dated September 1, 2023, denying the motion to reconsider, is affirmed.

<u>So ordered</u>.

By the Court (Sacks, Englander & Grant, JJ.[6]),

*[signature: Paul Little]*

Clerk

Entered:  October 24, 2024.

---

[6] The panelists are listed in order of seniority.

10