GERALD SARANTAKIS *vs.* COMMONWEALTH. November 15, 2011. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal*, Sentence.

Gerald Sarantakis appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

Sarantakis was charged in the District Court with operating while under the influence of alcohol, fourth offense, and other offenses. On the day scheduled for trial, he pleaded guilty and was sentenced to a term in the house of correction. At the time she imposed the sentence, the judge mistakenly believed that Sarantakis's most recent prior offense had occurred some nine years earlier. However, it soon came to light that Sarantakis apparently had two more recent out-of-State convictions. As a result, the same day as the sentencing hearing, the Commonwealth filed a motion, purportedly under Mass. R. Crim. P. 29, 378 Mass. 899 (1979), asking the judge to exercise her discretion sua sponte to revise or revoke the sentence.[1] At a hearing two days later, the judge stated she had not seen the Commonwealth's motion. Acting on her own motion, the judge revoked

---

[1] The Commonwealth has since acknowledged that Mass. R. Crim. P. 29, 378 Mass. 899 (1979), contains no language authorizing the Commonwealth to file such a motion.

Sarantakis's sentence, indicated that she would allow him to withdraw his guilty plea, placed the matter back on the trial list, recused herself, and directed that the matter be assigned to a different judge. Sarantakis's G. L. c. 211, § 3, petition, seeking reinstatement of his original sentence,[2] followed.

The case is before us on Sarantakis's memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[3] In his memorandum, which primarily focuses on the merits of the judge's decision to revoke his sentence, Sarantakis briefly asserts that he has no remedy in the ordinary appellate process. We disagree. If Sarantakis is resentenced to a longer term, he could raise the revocation issue on appeal from that decision. See, e.g., *Commonwealth* v. *Derry*, 26 Mass. App. Ct. 10 (1988) (sentence previously imposed on guilty plea revoked on judge's motion; defendant resentenced to longer prison term). Sarantakis offers no reason why this approach would not provide an adequate opportunity to obtain appellate review of the decision revoking his original sentence. Sarantakis may have other options as well; for example, he could move to withdraw his plea if he is dissatisfied with the new sentence. In sum, he has not carried his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Michael Talty* for the petitioner.

*Sarah C. Fallon*, Assistant District Attorney, for the Commonwealth.

---

[2]Sarantakis also claimed (and continues to claim) that the judge purported to revoke his *plea*, not just his sentence. This claim is unsupported in the record.

[3]The rule also requires Sarantakis to file a record appendix enabling us to decide the matter "on the papers filed in the single justice session." S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001). Sarantakis did not provide a complete record appendix, but only included some materials from the District Court. We remind litigants that in an appeal from a decision of a single justice, the record appendix must fairly present the proceedings in the single justice session.