COMMONWEALTH vs. RONALD DAVID COWAN.

Suffolk. February 7, 1996. - April 25, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Practice, Criminal,* Appeal by Commonwealth, Sentence. *Supreme Judicial Court,* Superintendence of inferior courts. *Statute,* Construction. *Words,* "Jail or house of correction."

A petition under G. L. c. 211, § 3, was the proper method for the Commonwealth to seek review of a District Court judge's allowance of a criminal defendant's motion to revise or revoke his sentence. [547]

A District Court judge had no authority under St. 1993, c. 432, § 3 (*e*), to impose a sentence less than the mandatory minimum sentence for a violation of G. L. c. 269, § 10 (*a*). [547-548]

Where G. L. c. 269, § 10 (*a*), unambiguously mandates that an offender be incarcerated in a "jail or house of correction" for a minimum of one year, a sentence of house arrest with an electronic monitoring device cannot be substituted. [548-549]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 16, 1995.

The case was heard by *Nolan,* J.

*Robert J. Carnes* for the defendant.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. On September 23, 1994, the defendant was tried before a jury of six in the District Court and found guilty of possession of a firearm in a public place without a license under G. L. c. 269, § 10 (*a*) (1994 ed.), and sentenced to a mandatory minimum term of one year in a house of correction. The defendant filed a timely notice of appeal.[1] Thereafter, the defendant moved to revise or revoke his sentence, and the judge revised the sentence to permit the defendant to serve the final six months of his sentence under house arrest secured by his wearing an electronic monitoring device. The judge's order also permitted the defendant to leave the house to go to work, counselling, and church.

---

[1]That appeal is pending in the Appeals Court.

The Commonwealth sought relief from the revise or revoke order under G. L. c. 211, § 3 (1994 ed.). A single justice of this court vacated the order and reinstated the original sentence of one year in a house of correction. The defendant appealed and his sentence has been stayed pending the appeal.

The defendant argues on appeal that: (1) the Commonwealth's challenge to the allowance of his motion to revise or revoke was not properly before the single justice; (2) newly enacted St. 1993, c. 432, gave the judge the power to sentence the defendant to less than the statutory minimum sentence; and (3) the firearm carrying statute, G. L. c. 269, § 10 (*a*), did not preclude house arrest with an electronic monitoring device as a substitute for incarceration in a jail or house of correction.

1. *The Commonwealth's remedy.* The defendant argues that the Commonwealth's petition under G. L. c. 211, § 3, was not properly before the single justice. The Commonwealth may appeal from the allowance by a Superior Court judge of a motion to revise or revoke under G. L. c. 278, § 28E (1994 ed.). *Commonwealth* v. *Amirault*, 415 Mass. 112, 115 (1993). The present case arises from the District Court, and so § 28E provides no appellate remedy for the Commonwealth. See G. L. c. 278, § 28E. Unless we conclude that G. L. c. 211, § 3, affords the Commonwealth relief in these circumstances, we would be left with a procedure permitting Commonwealth appeals where a motion to revise or revoke had been allowed in the Superior Court, but insulating identical District Court action from appellate review. We perceive no reason for such disparate treatment of Superior Court and District Court decisions on the same issues. Furthermore "the public has a right to expect the Supreme Judicial Court to correct any abuse of judicial power, if not under the statute, G. L. c. 278, § 28E, then at least under its superintendence powers. See G. L. c. 211, § 3." *Commonwealth* v. *Amirault, supra* at 115 n.4. It is well within this court's general superintendence power to correct a sentence that has been imposed contrary to law. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 545, 550 (1981); *Commonwealth* v. *McCarthy*, 375 Mass. 409, 415 n.6 (1978).

2. *Applicability of St. 1993, c. 432, § 3 (e).* As we explained in *Commonwealth* v. *Russo*, 421 Mass. 317, 319 (1995), the judge did not have the discretion under St. 1993, c. 432, § 3

(*e*), to impose less than the mandatory minimum sentence until the sentencing guidelines required by that statute have been promulgated.[2]

3. *The mandatory sentence.* The defendant argues that, with no reference to *Commonwealth* v. *Russo, supra,* we should reinstate the judge's order because house arrest with an electronic monitoring device is sufficiently like a house of correction sentence to be an alternative under the statute.

The Commonwealth argues that the order permitting house arrest with an electronic monitoring devise is an illegal sentence, i.e., one that is not permitted by law for the offense committed. *Commonwealth* v. *McGuinness,* 421 Mass. 472, 475 (1995). See Reporters' Notes to Mass. R. Crim. P. 30 (a), Mass. Ann. Laws, Rules of Criminal Procedure at 482-483 (Law. Co-op. 1979). We agree.

The firearm carrying statute at issue here mandates that the offender be incarcerated in a *"jail or house of correction"* for a minimum of one year (emphasis added). G. L. c. 269, § 10 (*a*).[3] A defendant convicted under the statute is not

---

[2]In *Commonwealth* v. *Russo,* 421 Mass. 317, 319 (1995), we answered the two reported questions in the affirmative:

"1. Does c. 432 of tne Acts of 1993, § 3 (e) allow a district court justice to impose a sentence other than the mandatory minimum prescribed by statute where the justice has found that there exists one or more mitigating circumstances that should result in a sentence below the applicable mandatory minimum term?

"2. If the answer to the first question is in the affirmative, does the justice have to wait until promulgation of the sentencing guidelines prior to exercising that discretion?"

[3]General Laws c. 269, § 10 (*a*) (1994 ed.), provides in pertinent part: "Whoever . . . knowingly has in his possession . . . a firearm . . . shall be punished by imprisonment in the state prison for not less than two and one-half years nor more than five years, or for not less than one year nor more than two and one-half years in a jail or house of correction. The sentence imposed on such person shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, work release, or furlough or receive any deduction from his sentence for good conduct until he shall have served one year of such sentence; provided, however, that the commissioner of correction may on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, grant to an offender committed under this subsection a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of a relative; to visit a critically ill relative; or to obtain emergency

eligible for parole, probation, furlough, or good time deductions from his sentence. *Id.*

The general rule of statutory interpretation is that "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *McNeil* v. *Commissioner of Correction,* 417 Mass. 818, 821-822 (1994), quoting *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 513 (1975).

The purpose of the mandatory minimum sentence imposed by G. L. c. 269, § 10 (*a*), is deterrence. *Commonwealth* v. *Jackson,* 369 Mass. 904, 908 (1976). As such, it is harsh, yet clear. The "statutory language itself is the principal source of insight into the legislative purpose." *McNeil* v. *Commissioner of Correction, supra* at 822, quoting *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977).

The statute does not permit a sentence of house arrest with an electronic monitoring device to be substituted for incarceration in a "jail or house of correction." The phrase "jail or house of correction" is not ambiguous. Imprisonment in a house of correction means being housed in a "place for the confinement of juvenile offenders, or those who have committed crimes of lesser magnitude." Black's Law Dictionary 739 (6th ed. 1990). A jail is a "building designated by law, or regularly used, for the confinement of persons held in lawful custody. A place of confinement that is more than a police station lockup and less than a prison." *Id.* at 834. Living in one's own home and being permitted to go to work, attend counselling, and church is not the same as being imprisoned in a "jail" or "house of correction." That the Legislature failed to exclude electronic monitoring devices from the sentencing alternatives not permitted does not suggest that they are permitted. The statute is unambiguous.

As we conclude that the statute is clear, we need not reach the Commonwealth's remaining arguments regarding the

medical or psychiatric service unavailable at said institution. Prosecutions commenced under this subsection shall neither be continued without a finding nor placed on file."

impropriety of the judge's use of postconviction information in allowing the revise or revoke motion. The single justice's order reinstating the original sentence is affirmed.

*So ordered.*