COMMONWEALTH *vs.* EDWARD F. RICHARDS.

No. 96-P-0885.

Worcester. September 9, 1997. - March 24, 1998.

Present: WARNER, C.J., GILLERMAN, & GREENBERG, JJ.

*Rules of Criminal Procedure. Practice, Criminal,* Sentence, Appeal.

This court concluded that an order of a District Court judge denying a criminal defendant's motion under Mass.R.Crim.P. 29, to revise or revoke his sentence, is immediately appealable. [481-482]

A District Court judge did not err in denying a criminal defendant's motion to revise or revoke his sentence, where the defendant did not assert any ground that would justify relief. [482]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on May 15, 1989.

The case was heard by *Martha A. Scannell Brennan,* J., and a motion to revise or revoke sentence was heard by her.

The case was submitted on briefs.

*Edward F. Richards,* pro se.

*Claudia R. Sullivan,* Special Assistant District Attorney, for the Commonwealth.

GREENBERG, J. The primary issue on appeal in this case is whether the judge's order denying the defendant's motion under Mass.R.Crim.P. 29, 378 Mass. 899 (1979),[1] is properly before us. The procedural background in which this issue has arisen unfolded as follows.

---

[1]Section (a) of rule 29, in pertinent part, provides:

"(a) Revision or Revocation. The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may, upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done."

After the Commonwealth completed presentation of its case against the defendant at a bench trial in the Central District Court of Worcester on July 13, 1989, a judge found the defendant guilty of three counts of open and gross lewdness and lascivious behavior in violation of G. L. c. 272, § 16. The judge then conducted a sentencing hearing. Parts of the proceeding are apparently inaudible on the taped record, but it appears that defense counsel asked that the case against the defendant be continued without a finding. The judge was not so inclined. She placed the defendant on two years supervised probation with counselling as a special condition. Based upon defense counsel's comments at a later hearing, we surmise that the judge intended that, if the defendant stayed out of trouble while on probation, the guilty finding might later be revoked and the complaint dismissed. This potential outcome may account for the judge's invitation to the defendant's counsel to file a motion to revise and revoke the sentence that would be considered after his discharge from probation. However, the defendant declined to do so and took his appeal for a trial de novo in the jury session of the court conformably with G. L. c. 278, § 18, as appearing in St. 1978, c. 478, § 302.

On September 12, 1989, while at the jury session, the defendant withdrew his appeal pursuant to G. L. c. 278, § 25, and received the original sentence at the District Court. He filed a timely motion to revise and revoke his sentence on October 11, 1989. Over six years elapsed before the judge was asked to rule upon the outstanding motion. On January 22, 1996, after hearing arguments, the judge denied the motion. From that order, the defendant, pro se, has appealed.

Nothing in Mass.R.Crim.P. 29, 378 Mass. 899 (1979), provides for a direct appeal, and we have found no case on point. In *McGuinness* v. *Commonwealth*, 420 Mass. 495, 496 (1995), however, both the Superior Court and the clerk of the Appeals Court refused to file the defendant's notice of appeal from the denial of his rule 29 motion by a Superior Court judge[2]; review under G. L. c. 211, § 3, was also denied by the

---

[2]Although in *McGuinness* v. *Commonwealth*, *supra*, the Supreme Judicial Court did not comment on the clerks' refusals to file the notice of appeal, the case of *Callahan* v. *Commonwealth*, 416 Mass. 1010, 1010 (1994), stands for the proposition that a clerk should not refuse to file a notice of appeal in the absence of a court order containing that directive. *Davis* v. *Tabachnick*, 425 Mass. 1010, cert. denied, 118 S. Ct. 443 (1997), and cases cited.

Supreme Judicial Court. The Supreme Judicial Court declined to review the disposition of the motion principally on the premise that "[p]arties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative." *Id.* at 497, and cases cited. The court pointed out that, after the denial of the petition by the single justice, "[t]he defendant properly raised [the judge's ruling on his rule 29 motion] in his motion for leave to withdraw his guilty plea and for a new trial, pursuant to rule 30(b)." *Id.* at 497-498. The issues were then encompassed by the defendant's motion for leave to withdraw his guilty plea and for a new trial, the disposition of which was appealable. The Supreme Judicial Court subsequently affirmed the lower court's denial of the Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), motion in the successor case, *Commonwealth* v. *McGuinness*, 421 Mass. 472 (1995), on the ground that the defendant had not been illegally sentenced as the judge made no promises to induce his plea of guilty. When considered together, these decisions suggest that appellate review of the denial of a rule 29 motion filed by a defendant would be encompassed by a motion for new trial pursuant to Mass.R. Crim.P. 30(b), 378 Mass. 900 (1979). Unless the defendant can show some illegality, appellate review is unavailing.

In *Commonwealth* v. *Amirault*, 415 Mass. 112, 114-115 (1993), *S.C.*, 424 Mass. 618 (1997), the Supreme Judicial Court permitted the Commonwealth to appeal a Superior Court judge's allowance of a rule 29 motion, but the vehicle was G. L. c. 278, § 28E, a statute that allows only the Commonwealth to appeal an "order or judgment of the court." In an appeal from a *District* Court judge's allowance of a rule 29 motion, the Supreme Judicial Court, in *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996), held that a petition under G. L. c. 211, § 3, was the appropriate statute under which the Commonwealth could seek review because G. L. c. 278, § 28E, only applies to appeals from orders or judgments of the Superior Court. The Supreme Court noted that it would be inconsistent to allow the Commonwealth to appeal from the allowance of rule 29 motions in the Superior Court but to deny the Commonwealth the right to appeal from similar orders issued at the District Court level. *Cowan, supra.*

Rule 29 is drawn in part from G. L. c. 278, § 29A, as inserted

by St. 1959, c. 167, § 1,[3] which was repealed by St. 1979, c. 344, § 46. It is instructive to review the pre-1979 cases which involved appeals of revision or revocation decisions. Although neither the language of paragraph 29A or of paragraph 29C mentioned appellate review, the case law reveals that the right appears to have been available to both parties. Nearly all of the cases came up through bills of exceptions, former G. L. c. 278, § 31. See *Commonwealth* v. *Burrone*, 347 Mass. 451, 452 (1964); *Commonwealth* v. *Taylor*, 370 Mass. 141, 142 (1976); *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 219-220 (1976); *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 617 (1974). See and compare *Commonwealth* v. *Sitko*, 372 Mass. 305, 314 (1977), where review of a revision that increased a sentence was one of several issues decided upon direct appeal. In that case, the court held "[t]he right to seek a revocation and revision of sentence under G. L. c. 278, § 29C, *is not limited to the defendant*" (emphasis added). These cases collectively stand for the proposition that, prior to the adoption of the criminal rules of procedure in 1979, both the Commonwealth and the defendant could obtain appellate review of revision or revocation decisions.

With this historical perspective in mind and in view of the reality that the Commonwealth is permitted to appeal from the allowance of a rule 29 motion, we conclude that the order of the District Court judge that denied the defendant's motion to revise or revoke his sentence under rule 29 was immediately appealable.[4] If the circumstances reveal that the judge imposed a sentence contrary to law, it would be unfair to deny relief at the appellate level. Of course, appellate review is usually limited to errors of law. For example, review includes whether the strict jurisdictional limits for the filing of such motions have been

---

[3]General Laws c. 278, § 29A, was applicable to sentences imposed upon a plea without trial in the District Court, and § 29C, as inserted by St. 1962, c. 310, § 2, was applicable to sentences imposed after plea or trial in the Superior Court. Section 29C was repealed by St. 1979, c. 344, § 48.

[4]The better practice, of course, is for the defendant to file a motion for post-conviction relief pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), and to take an appeal under subparagraph (e) (8) of that rule. It would be elevating form over substance, however, to hold that this is an exclusive remedy and that it is not open to the defendant to file an appeal directly from the denial of the motion to revise or revoke in order to correct an illegal sentence. In the future, therefore, a clerk should accept for filing a defendant's notice of appeal from a rule 29 order unless there is a rule 30 motion on file. See *McGuinness* v. *Commonwealth*, 420 Mass. at 497-498.

met, see *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982); *Commonwealth* v. *Cepulonis*, 18 Mass. App. Ct. 919, 920 (1984); or whether the judge has considered improper factors in formulating a sentence, see *Commonwealth* v. *LeBlanc*, 370 Mass. at 219-220; *Commonwealth* v. *Sitko*, 372 Mass. at 313-314; *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 275-276, cert. denied, 459 U. S. 864 (1982) (judge required to give notice to defendant and state reasons when increasing original sentence pursuant to rule 29). Beyond these outer limits, sentencing decisions and consequences are matters with which an appellate court has no concern.

In the circumstances presented here there is no question that the judge committed no error in denying the rule 29 motion. Even if the grounds asserted were appropriate to a rule 29 motion, they do not support any relief here. If there had been, as the defendant implies, an agreement with the Commonwealth concerning the defendant's withdrawal of his appeal from the jury session, it is not part of the record. We have not been presented with a transcript of any colloquy that took place at the jury-of-six session indicating that the defendant's withdrawal of his appeal was subject to a favorable disposition of his rule 29 motion by the judge who imposed the original sentence. On this record, it does not appear that the defendant's request for the court to revoke his sentence is based on factors in existence at the time the original sentence was imposed. See *Commonwealth* v. *Derry*, 26 Mass. App. Ct. 10, 12 & n.3, 13 (1988). The defendant has not asserted any ground that would justify any relief. The order denying the motion to revise and revoke the defendant's sentence is affirmed.

*So ordered.*