COMMONWEALTH *vs.* THOMAS GALVIN.

Suffolk. May 7, 2013. - August 23, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence. *Statute,* Amendment, Retroactive application.

This court concluded that G. L. c. 211, § 3, is the proper means by which the Commonwealth may seek review of the imposition of an allegedly illegal sentence. [288-289]

This court concluded that the reduction of the mandatory minimum sentence required under G. L. c. 94C, § 32A (*d*), as amended by St. 2012, c. 192, §§ 14 and 48, applied retroactively to a defendant who committed an offense prior to the effective date of the reduction, but whose conviction and sentencing did not occur until after that effective date, where construing the amendments to deny the effect of their benefits to the defendant would be inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute. [289-291]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 21, 2012.

The case was reported by *Gants,* J.

*David E. Clayton,* Assistant District Attorney, for the Commonwealth.

*David S. Levinson* for the defendant.

*Alex G. Philipson,* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

CORDY, J. In this case, we consider whether the mandatory minimum sentence required under G. L. c. 94C, § 32A (*d*) (§ 32A [*d*]), which was reduced effective August 2, 2012, by St. 2012, c. 192, §§ 14 and 48 (Crime Bill), applies to a defendant who committed an offense prior to the effective date of the reduction, but whose conviction and sentencing did not occur until after that effective date. We conclude that to interpret the statute amending the mandatory minimum sentence in § 32A (*d*) not to apply to the defendant would be inconsistent with the

manifest intent of the Legislature that the benefits of the sentence reductions in the Crime Bill broadly apply to all those serving or subject to serving such sentences.[1]

1. *Background.* On June 3, 2011, the defendant sold cocaine to an undercover Framingham police officer. On October 18, 2011, he was indicted for distributing cocaine in violation of G. L. c. 94C, § 32A (*c*), and for being a second or subsequent offender in violation of § 32A (*d*).[2] He faced a mandatory minimum prison term of five years as a subsequent offender under the enhanced penalty provisions of § 32A (*d*).

On August 2, 2012, before the defendant's trial had commenced, the Legislature enacted the Crime Bill.[3] Section 14 of the Crime Bill amended the enhanced penalty provision of § 32A (*d*) by reducing the mandatory minimum sentence from five years to three and one-half years. Additionally, § 48 of the Crime Bill provided that those persons already serving a mandatory minimum sentence under the prior iteration of § 32A (*d*) would be eligible for parole, probation, work release, and deductions in sentence for good conduct under the more generous provisions of the amendments thereby enacted.[4,5]

---

[1]We acknowledge the amicus brief of the Massachusetts Association of Criminal Defense Lawyers.

[2]The grand jury also returned indictments against the defendant alleging that he distributed cocaine within one hundred feet of a public park or playground, in violation of G. L. c. 94C, § 32J, and that he conspired to violate the drug laws, in violation of G. L. c. 94C, § 40.

[3]Statute 2012, c. 192 (Crime Bill), became effective on the day of its enactment pursuant to its emergency preamble. See *Smith* v. *Massachusetts Bay Transp. Auth.*, 462 Mass. 370, 377 (2012); *Federal Nat'l Mtge. Ass'n* v. *Nunez*, 460 Mass. 511, 521 (2011).

[4]Section 48 of the Crime Bill provides:

> "Notwithstanding any general or special law to the contrary, any person incarcerated on the effective date of this act for an offense which, at the time such person was sentenced on such offense, requires serving a minimum term of incarceration before such person is eligible for probation, parole, work release or release shall be eligible for probation, parole, work release and deductions in sentence for good conduct under sections 12 to 29, inclusive."

[5]For example, a person serving a mandatory minimum five-year State prison sentence who, under the prior version of G. L. c. 94C, § 32A (*d*), would not be eligible for parole until he had served five years in State prison,

Twenty days later, on August 22, 2012, the defendant waived his right to a jury trial on the subsequent offender indictment and was found guilty. The Commonwealth requested a State prison sentence of not less than five years based on the mandatory minimum required by § 32A (*d*) as it existed on the date of the offense. The judge imposed a mandatory minimum State prison sentence of three and one-half years as permitted by § 14 of the Crime Bill.[6] The Commonwealth objected to the sentence and requested that the judge, on her own motion, act under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), to correct the sentence so as to comply with the sentencing provisions as they existed on the date the defendant committed the offense.[7] The judge denied the Commonwealth's request without a hearing and noted that, "[w]here section 48 of [the Crime Bill] makes the sentencing changes (reductions) applicable to persons sentenced *after* the effective date of the new act even if the offense were committed *before* the effective date of the act, this request is denied" (emphasis in original). Thereafter, the Commonwealth filed a petition for relief under G. L. c. 211, § 3, which a single justice in the county court reserved and reported without decision to the full court.

2. *Discussion.* a. *Proper vehicle for Commonwealth's appeal.* As a preliminary matter, we consider whether G. L. c. 211, § 3, is the proper mechanism by which the Commonwealth may appeal a purportedly illegal sentence.[8] We agree with the

---

see G. L. c. 94C, § 32H, would, on enactment of the Crime Bill, be eligible for parole after serving three and one-half years in prison — the new mandatory minimum sentence.

[6]The judge imposed a sentence of two and one-half years on the other drug offense for which the defendant was convicted. That sentence is not at issue here.

[7]Rule 29 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 899 (1979), states: "The trial judge upon his own motion or the written motion of a defendant . . . may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done." By its own terms, rule 29 (a) does not permit the Commonwealth to file a motion to revise or revoke a sentence. The Commonwealth accordingly "requested" that the judge act under rule 29 (a) to correct the allegedly illegal sentence.

[8]General Laws c. 211, § 3, states that this court "shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided."

parties that the Commonwealth's petition under G. L. c. 211, § 3, was properly before the single justice.

General Laws c. 278, § 28E, sets forth a list of decisions, orders, and judgments from which the Commonwealth may take a direct appeal.[9] However, § 28E does not include a grant of authority for the Commonwealth to appeal an allegedly illegal sentence imposed by a judge in sentencing proceedings. Because no other statutory provision exists that authorizes the Commonwealth to appeal an illegal sentence, the Commonwealth would otherwise be left without a remedy if this court were not to exercise its superintendence powers. Because "[i]t is well within this court's general superintendence power to correct a sentence that has been imposed contrary to law," *Commonwealth* v. *DeJesus,* 440 Mass. 147, 150 (2003), quoting *Commonwealth* v. *Cowan,* 422 Mass. 546, 547 (1996), we conclude that G. L. c. 211, § 3, is the proper means by which the Commonwealth may seek review of the imposition of an allegedly illegal sentence. See, e.g., *Commonwealth* v. *Rodriguez,* 461 Mass. 256, 257-258 (2012); *Commonwealth* v. *DeJesus, supra* at 149-150; *Commonwealth* v. *Lowder,* 432 Mass. 92, 93 (2000); *Commonwealth* v. *Cowan, supra*; *Commonwealth* v. *Gordon,* 410 Mass. 498, 499 (1991).

b. *Applicability of the Crime Bill.* The Commonwealth argues that the judge was constrained to impose a sentence in accord with the mandatory minimum set forth in § 32A (*d*) as that section appeared on the date the defendant committed the offenses

---

[9]General Laws c. 278, § 28E, provides, in relevant part:

"An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the district court to the appeals court in all criminal cases and in all delinquency cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, (2) allowing a motion to suppress evidence, or (3) denying a motion to transfer pursuant to section sixty-one of chapter one hundred and nineteen.

"An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure."

for which he was convicted, and that the defendant is not entitled to the benefit of either § 14 or § 48 of the Crime Bill. The defendant counters that the Legislature intended the Crime Bill to apply to cases pending on the Crime Bill's effective date and that he was lawfully sentenced pursuant to the reduced mandatory minimum set forth in § 14.[10]

As a general rule of statutory construction, a newly enacted statute is presumptively prospective, and "[t]he repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect." G. L. c. 4, § 6, Second. See *Commonwealth* v. *Dotson,* 462 Mass. 96, 100 (2012) (defendant not entitled to benefit of statutory amendment reducing penalty for disorderly person). This rule applies "unless [its] observance would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute." G. L. c. 4, § 6.

Section 14 of the Crime Bill amended the enhanced penalty provision under § 32A (*d*) by reducing the mandatory minimum sentence from five years to three and one-half years. While nothing in the text of § 14 expresses any legislative intent that its provision should be applied retroactively, see *Commonwealth* v. *Dotson, supra* at 101, § 48 demonstrates a clear legislative intent to confer backward-looking relief to individuals who had already been convicted of violating § 32A (*d*) and had been sentenced at the time of the Crime Bill's enactment.

In ascertaining the intent of the Legislature, we look to "all [the statutory] words construed by the ordinary and approved usage of the language, considered in connection with the cause

---

[10]The defendant also argues that a violation of his equal protection and due process rights will occur if the amendments to G. L. c. 94C, § 32A (*d*), are not applied "retroactively" to offenders whose cases were pending on the Crime Bill's effective date because requiring those individuals with cases pending to serve a higher sentence than those who offend after the Crime Bill's enactment is not rationally related to a legitimate State interest. We reject this argument because, as we previously have held, "[t]he mere fact that some persons were at some later date governed by a law more favorable to them than the law which applied to the defendant is insufficient to strike down an otherwise valid statute; to hold the opposite would be either to eradicate all new statutes or to make them all retroactive." *Commonwealth* v. *Tate,* 424 Mass. 236, 240, cert. denied, 522 U.S. 832 (1997), quoting *Commonwealth* v. *Purdy,* 408 Mass. 681, 685 (1990).

of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished to the end that the purpose of its framers may be effectuated." *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934), citing *Commonwealth* v. *S.S. Kresge Co.*, 267 Mass. 145, 148 (1929). In reviewing all of the provisions of the Crime Bill, it is apparent that one of its primary purposes was to significantly reduce the sentences to be served by individuals under the mandatory minimum provisions of a wide range of drug-related offenses, including § 32A (*d*). Such purpose is evident both from the reduction of those mandatory minimum sentences prospectively for new offenders, and from the provision of comparable opportunities for reduction in prison time served by those already sentenced under the prior, harsher version of those same laws. It would be anomalous, if not absurd, in this context to conclude that the Legislature intended to provide reductions for everyone except the limited class of persons who committed offenses before the amendments but were not convicted and sentenced until after the amendments' effective date. See *Commonwealth* v. *Scott*, 464 Mass. 355, 358 (2013), quoting *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001) (court need not adhere strictly to statutory words if to do so would lead to absurd result or contravene clear intent of Legislature); *Commonwealth* v. *George W. Prescott Publ. Co.*, 463 Mass. 258, 264 (2012), quoting *Cote-Whitacre* v. *Department of Pub. Health*, 446 Mass. 350, 358 (2006) (courts must interpret statute so as to render legislation effective, consonant with reason and common sense).

In these circumstances, we conclude that this is among those cases where construing the amendments to deny the effect of their benefits to the defendant would be "inconsistent with the manifest intent of the [Legislature] or repugnant to the context of the same statute." G. L. c. 4, § 6.

The case is remanded to the county court for entry of an order denying the Commonwealth's petition for relief under G. L. c. 211, § 3.

*So ordered.*