NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11734

JUSTIN DeMATOS  vs.  COMMONWEALTH
(and a consolidated case[1]).


July 9, 2015.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Justin DeMatos, appeals from two judgments
of a single justice of this court.  The first judgment concerns
a document that DeMatos filed in the county court entitled a
"petition for appeal to [the] Supreme Judicial Court pursuant to
[G. L. c. 278, § 28]."  The second judgment concerns a petition
that DeMatos subsequently filed in the county court pursuant to
G. L. c. 211, § 3.  The single justice denied both petitions
without a hearing.  We affirm.

Following a jury trial, DeMatos was convicted in the
Superior Court on June 25, 2013, of one count of trafficking in
oxycodone in violation of G. L. c. 94C, § 32E (c) (2)
(twenty-eight grams or more but less than one hundred grams),
and one count of trafficking in oxycodone in violation of G. L.
c. 94C, § 32E (c) (1) (fourteen grams or more but less than
twenty-eight grams).[2]  He was sentenced to a term of from seven

_____

   [1] The consolidated case is also captioned Justin DeMatos vs.
Commonwealth.

   [2] DeMatos was indicted in 2011, prior to the passage of
St. 2012, c. 192, § 25 (2012 amendment), which increased the
drug weights in G. L. c. 94C, § 32E (c).  His convictions came

to eight years on the first count and a concurrent term of from five to six years on the second count.[3]  He appealed from his convictions to the Appeals Court, where his appeal is currently pending.[4]  He also appealed from his sentences to the Appellate Division of the Superior Court, which, after a hearing, declined to reduce the sentences and dismissed his appeal.

The central theme of DeMatos's petitions in the county court was that he could not be convicted of the charged offenses because oxycodone is not a class B substance, but instead belongs in class E.  See G. L. c. 94C, § 31 (defining classes of controlled substances).  Therefore, he claimed, his sentences for trafficking in a class B substance were illegal.  The single justice was not required to address these arguments on the petitions that were before her.  She correctly concluded that the proper forum for those arguments to be resolved is the Appeals Court, in DeMatos's direct appeal.

1.  The petition that DeMatos purported to file under G. L. c. 278, § 28, was misplaced.  That statute authorizes a defendant to take a direct appeal from a criminal conviction in

---

after the effective date of the statute.  The new weights do not apply to him.  Commonwealth v. Didas, 471 Mass. 1 (2015).

[3] The 2012 amendment (see note 2, supra) also lowered the mandatory minimum sentences for violations of G. L. c. 94C, § 32E (c) (1) and (2), from five and seven years respectively to three and one-half and five years respectively.  DeMatos alluded only briefly and obliquely to the "new statute" in his material before the single justice and developed no argument that the reduction in the mandatory minimums had any effect on his sentences, despite the fact that Commonwealth v. Galvin, 466 Mass. 286 (2013), had been decided nine months before he filed the first of his petitions.  He also mentions the 2012 amendment and cites the Galvin case in a single sentence in a footnote in one of his briefs before the full court.  It is a point that he can develop and pursue in his direct appeal in the Appeals Court or in an appropriate motion in the trial court.  In an appeal from a single justice's judgment, we ordinarily do not address issues that were not before the single justice.  Milton v. Boston, 427 Mass. 1016, 1017 (1998).

[4] The appeal has been stayed at DeMatos's request while he pursues a motion for a new trial and other relief in the trial court.

the District Court or the Superior Court.[5]  The appeal in all such cases (except cases of murder in the first degree) is to be entered in the Appeals Court in the first instance.  Although the statute refers to an appeal being taken to this court, it must be read in conjunction with G. L. c. 211A, § 10, which gives the Appeals Court jurisdiction concurrent with this court over such appeals, and provides that in cases where the Appeals Court has concurrent jurisdiction the appeal must be entered there.  Commonwealth v. Friend, 393 Mass. 310, 311-314 (1984) (explaining relationship between G. L. c. 211A, § 10, and statutes like G. L. c. 278, § 28, that provide for right of appeal "to the supreme judicial court").  The single justice was correct to deny the petition pursuant to G. L. c. 278, § 28.  The statute does not give a defendant the right to seek relief by way of petition in this court in lieu of, or in addition to, his direct appeal in the Appeals Court.[6]

2.  DeMatos's petition pursuant to G. L. c. 211, § 3, was also without merit.  That statute, which codifies the court's power of general superintendence, "is meant for situations where a litigant has no adequate alternative remedy."  McMenimen v. Passatempo, 452 Mass. 178, 185 (2008).  It is not meant to be a substitute for ordinary appellate review.  Id. at 184-185, quoting McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995).  Here, to the extent DeMatos sought to use his petition to challenge the legality of his sentences, the single justice correctly denied the petition because DeMatos's direct appeal in the Appeals Court is the proper forum for resolving that challenge.[7]  And to the extent DeMatos may have been attempting

---

[5] The statute provides:  "A defendant aggrieved by a judgment of the district court or of the superior court in any criminal proceeding may appeal therefrom to the supreme judicial court."

[6] DeMatos claims that the issues he raises are matters of first impression suitable for this court.  We express no view as to that, or as to the substantive merits of his arguments.  He may -- if he wishes to request that his direct appeal be transferred to this court for consideration here in the first instance -- file an application for direct appellate review that complies with Mass. R. A. P. 11, as amended, 437 Mass. 1602 (2002).  We will act on any such application in due course.

[7] DeMatos relies on Commonwealth v. Cowan, 422 Mass. 546, 547 (1996), and similar cases for the proposition that G. L. c. 211, § 3, may be used to correct an illegal sentence.  Those

to use his petition to obtain review not of the legality but of the severity of his sentences, the single justice correctly denied the petition because the Appellate Division's decision was final in that respect.  See G. L. c. 278, § 28B (stating that decision of Appellate Division "shall be final").  This is not the rare case in which extraordinary superintendence relief from the Appellate Division's decision was shown to be necessary.  See Commonwealth v. Barros, 460 Mass. 1015 (2011).

Judgments affirmed.


Justin DeMatos, pro se.
Matthew T. Sears, Assistant District Attorney, for the Commonwealth.

---

cases are inapposite.  They concerned petitions filed by the Commonwealth to correct a sentence; the Commonwealth, unlike a defendant, has no adequate alternative remedy.  DeMatos also relies on Care & Protection of Beth, 412 Mass. 188, 192 n.7 (1992), for the proposition that G. L. c. 211, § 3, relief is available notwithstanding an adequate alternative remedy.  That case is also inapposite.  It was reserved and reported to the full court by a single justice, which did not happen here; when a single justice reserves decision and reports a case, we give the matter full review on the merits notwithstanding the possibility of an adequate alternative remedy.  Commonwealth v. Goodwin, 458 Mass. 11, 14-15 (2010).