NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11745

COMMONWEALTH  vs.  BRIAN FREEMAN & another.[1]


Suffolk.     February 4, 2015. - August 27, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.


Jurisdiction, Superior Court, Juvenile Court.  Superior Court,
    Jurisdiction.  Juvenile Court, Jurisdiction.  Constitutional
    Law, Equal protection of laws.  Statute, Retroactive
    application.


Indictments found and returned in the Superior Court
Department on September 10, 2013.

Questions of law were reported by Carol S. Ball, J.

The Supreme Judicial Court granted an application for direct
appellate review.


Barbara Kaban, Committee for Public Counsel Services, for
Micah Martin.
Donna Jalbert Patalano, Assistant District Attorney, for the
Commonwealth.
Craig R. Bartolomei, for Brian Freeman, was present but did
not argue.
Afton M. Templin, for Children's Law Center of Massachusetts
& another, amici curiae, submitted a brief.

---

[1] Micah Martin.

Lael E.H. Chester & Naoka Carey, for Citizens for Juvenile Justice & others, amici curiae, submitted a brief.

DUFFLY, J.  On June 12, 2013, the defendants, Brian Freeman and Micah Martin, both seventeen years of age, were arraigned in the Dorchester Division of the Boston Municipal Court Department on charges of unarmed robbery and assault and battery.  Three months later, on September 10, 2013, a grand jury returned indictments against the defendants on the same charges.  On September 18, 2013, the Governor signed "An Act expanding juvenile jurisdiction," St. 2013, c. 84 (act), which, with certain exceptions, extended the jurisdiction of the Juvenile Court to children who are seventeen years of age at the time of committing an offense.[2]  The act provides that "no criminal proceeding shall be begun against any person who prior to his eighteenth birthday commits an offense against the laws of the [C]ommonwealth . . . without first proceeding against him as a delinquent child."  G. L. c. 119, § 74, as amended through St. 2013, c. 84, §§ 25, 26.

The defendants filed motions to dismiss, arguing that the

_____

[2] "General Laws c. 119, § 74, as amended through St. 2013, c. 84, §§ 25, 26, expressly excludes from the scope of the 'criminal proceedings' to which it refers certain minor motor vehicle violations, as well as charges of murder in the first and second degrees."  Watts v. Commonwealth, 468 Mass. 49, 51 n.6 (2014).

act stripped the Superior Court of jurisdiction over their pending charges, and that the Juvenile Court therefore had sole jurisdiction.  The defendants argued that the act should be applied retroactively to seventeen year old defendants who had criminal charges pending against them as of the act's effective date, and that a failure to apply the act retroactively as to such defendants would violate the equal protection guarantees provided by the Fourteenth Amendment to the United States Constitution and art. 1 of the Massachusetts Declaration of Rights.  Pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004), a judge of the Superior Court reported the following two questions of law to the Appeals Court:

> "1.  Whether An Act to Expand Juvenile Jurisdiction, Increase Public Safety and Protect Children from Harm (the "[a]ct") should be applied retroactively to a defendant who commits an offense prior to his eighteenth birthday for which a criminal proceeding commenced prior to the effective date of the [a]ct?"

> "2.  Whether the answer to question one [if no] violates the equal protection guarantees provided by the Fourteenth Amendment to the United States Constitution and art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments?"[3]

---

[3] Pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004), a Superior Court judge may report questions of law to the Appeals Court; "an appellate court is not obligated to answer them."  Meshna v. Scrivanos, 471 Mass. 169, 170 n.6 (2015).  See Commonwealth v. Valerio, 449 Mass. 562, 563 (2007) ("Because our discussion resolves the basic issues presented by the defendant's motion to suppress, we need not answer directly the reported questions").

The Appeals Court stayed proceedings on the defendants' appeals pending our decision in Watts v. Commonwealth, 468 Mass. 49 (2014) (Watts). We held in that case that as a matter of legislative content and statutory construction the act did not apply "retroactive[ly] to criminal cases begun and pending before September 18, 2013, against persons who were seventeen years of age at the time of the alleged offense." Id. at 50. Watts, however, did not present a constitutional claim.

We allowed the defendants' application for direct appellate review. The defendants argue, in essence, that our interpretation of the act in Watts, supra, which renders the act inapplicable as to them, such that they may be proceeded against as adults in criminal proceedings begun in the Superior Court, has resulted in a violation of their rights to equal protection of the law as guaranteed by the State and Federal Constitutions. Because we conclude that the Legislature had a rational basis on which to determine that the retroactive application of the act would result in "unavoidable complexities and [the] attendant need for staff and services," id. at 60, we answer both reported questions in the negative.[4]

---

[4] We acknowledge the amicus brief submitted by the Children's Law Center of Massachusetts and Citizens for Juvenile

Discussion. 1. Equal protection classification. The defendants argue that there are two grounds for applying a heightened scrutiny analysis to their equal protection claim. They argue, first, that the act created an age-based classification and, second, that the act deprived seventeen year old defendants who were arraigned prior to the act's effective date of the important right to have their claims proceed, at least initially, in the Juvenile Court.[5]

An equal protection claim under art. 1, that a statute either discriminates on the basis of a suspect classification, see Lowell v. Kowalski, 380 Mass. 663, 666 (1980), or burdens the exercise of a fundamental right, see Blixt v. Blixt, 437 Mass. 649, 655-656 (2002), cert. denied, 537 U.S. 1189 (2003), subjects the statute to strict scrutiny. "All other statutes, which neither burden a fundamental right nor discriminate on the basis

---

Justice, as well as the amicus brief submitted by Citizens for Juvenile Justice, the Criminal Justice Policy Coalition, the Home for Little Wanderers, Justice Resource Institute, the Massachusetts Society for the Prevention of Cruelty to Children, Hon. Gail Garinger, Hon. Nancy Gertner, and Francine Sherman.

[5] "The review of an equal protection claim under the Massachusetts Constitution is generally the same as the review of a Federal equal protection claim, . . . although we have recognized that the Massachusetts Constitution is, if anything, more protective of individual liberty and equality than the Federal Constitution" (quotations and citations omitted). See Cote-Whitacre v. Department of Pub. Health, 446 Mass. 350, 376 (2006) (Spina, J., concurring).

of a suspect classification, are subject to a rational basis level of judicial scrutiny."[6]  Finch v. Commonwealth Health Ins. Connector Auth., 459 Mass. 655, 668-669 (2011), S.C., 461 Mass. 232 (2012).

Given that the act does not classify on the basis of age, we reject the defendants' arguments that juveniles are a suspect class under that statute.  Rather, the act treats those seventeen year olds who were charged before its effective date differently from those seventeen year olds who were charged after the act became effective.  The act classifies on the basis of the date of arraignment, and not the age of a particular defendant.

The defendants argue that heightened scrutiny nevertheless is appropriate here because defendants who were charged prior to the effective date of the act are unable to obtain jurisdiction in the Juvenile Court and, accordingly, have thereby been denied what the defendants term an "important" right.  We acknowledge

---

[6] The defendants suggest that, rather than analyze the act under a rational basis or strict scrutiny review, we should, instead, adopt a third, intermediate level, of scrutiny.  We decline this invitation.  See English v. New England Med. Ctr., Inc., 405 Mass. 423, 428-429 (1989), cert. denied, 493 U.S. 1056 (1990).  We note, however, that "characterizing the tests to be applied to determine the constitutional validity of legislation as 'reasonable relation' and 'strict scrutiny' is a 'shorthand for referring to the opposite ends of a continuum of constitutional vulnerability determined at every point by the competing values involved.'" Id., quoting Marcoux v. Attorney Gen., 375 Mass. 63, 65 n.4 (1978).

that "[t]he differences between being tried in the Superior Court and in the Juvenile Court are considerable."  Commonwealth v. Walczak, 463 Mass. 808, 827 (2012) (Lenk, J., concurring).  We have long recognized that "[i]mportant consequences flow from the recognition of delinquency as something legally and constitutionally different from crime."  Metcalf v. Commonwealth, 338 Mass. 648, 651-652 (1959).  Nonetheless, we have not extended strict scrutiny to statutes that implicate such interests by providing certain juveniles, but not others, access to Juvenile Court jurisdiction.  See Charles C. v. Commonwealth, 415 Mass. 58, 69 (1993); Commonwealth v. Wayne W., 414 Mass. 218, 226 (1993); News Group Boston, Inc. v. Commonwealth, 409 Mass. 627, 631-632 (1991).[7]

Moreover, "[s]tripped to its essentials, [the defendants']

---

[7] The United States Supreme Court and this court have recognized that juvenile offenders present "unique characteristics" germane to the analysis of their rights under the Eighth Amendment to the United States Constitution and art. 26 of the Massachusetts Declaration of Rights.  See Miller v. Alabama, 132 S. Ct. 2455, 2460 (2013); Graham v. Florida, 560 U.S. 48, 68-69 (2010); Roper v. Simmons, 543 U.S. 551, 569-571 (2005); Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 659 (2013), S.C., 471 Mass. 12 (2015).  We note also that the constitutional protections extended to juveniles are to be continuously reviewed "in light of evolving constitutional standards."  See Goodridge v. Department of Pub. Health, 440 Mass. 309, 343 (2003).  Cf. McDuffy v. Secretary of the Exec. Office of Educ., 415 Mass. 545, 620 (1993) (duties "which the Constitution places on the Commonwealth necessarily will evolve together with our society").

claim challenges the basic validity of all prospective lawmaking." Commonwealth v. Tate, 424 Mass. 236, 240, cert. denied, 522 U.S. 832 (1997), quoting Baker v. Superior Court, 35 Cal. 3d 663, 670 (1984). All prospective legislation must have a beginning date, and "as we previously have held, '[t]he mere fact that some persons were at some later date governed by a law more favorable to them than the law which applied to the defendant is insufficient to strike down an otherwise valid statute; to hold the opposite would be either to eradicate all new statutes or to make them all retroactive.'" Commonwealth v. Galvin, 466 Mass. 286, 290 n.10 (2013), quoting Commonwealth v. Tate, supra.[8] It remains "a general rule of statutory construction [that] a newly

---

[8] Other jurisdictions have viewed equal protection challenges to prospective legislation with skepticism. See, e.g., United States v. Blewett, 746 F.3d 647, 658-659 (6th Cir. 2013) (en banc), cert. denied, 134 S. Ct. 1779 (2014); Comerford v. Massachusetts, 233 F.2d 294, 295 (1st Cir.), cert. denied, 352 U.S. 899 (1956); State v. Ferrell, 126 Ariz. 1, 2 (1980); Baker v. Superior Court, 35 Cal. 3d 663, 668-670 (1984); Fleming v. Zant, 259 Ga. 687, 688 (1989) (amendment "distinguishes between cases that have been tried and those that have not. This classification is neither arbitrary nor discriminatory. The legislature had to choose some effective date"); Carter v. State, 512 N.E.2d 158, 170 (Ind. 1987); State ex rel. Lemmon v. Adult Parole Auth., 78 Ohio St. 3d 186, 188 (1997); Burch v. Department of Correction, 994 S.W.2d 137, 138-139 (Tenn. Ct. App. 1999); Delgado v. State, 908 S.W.2d 317, 319 (Tex. Ct. App. 1995); Abdo v. Commonwealth, 218 Va. 473, 479-480 (1977). See also Sperry & Hutchinson Co. v. Rhodes, 220 U.S. 502, 505 (1911) (Holmes, J.) ("the Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time").

enacted [penal] statute is presumptively prospective." Commonwealth v. Galvin, supra at 290.  See id., quoting G. L. c. 4, § 6, Second ("The repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect").  See Watts, 468 Mass. at 54 (act is penal statute to which G. L. c. 4, § 6, applies).  Applying strict scrutiny merely because the act affords greater protections to the liberty interests of future defendants would shear the statutory presumption of meaning.  Cf. Commonwealth v. Didas, 471 Mass. 1, 9 (2015) ("If it were otherwise, every amendment or partial repeal and amendment of a criminal statute would need to be given retroactive effect, in direct conflict with the presumption of prospectivity").

2.  Rational basis analysis.  "We have repeatedly said that those who challenge the constitutionality of a statute that does not burden a suspect group or a fundamental interest 'carry a heavy burden in seeking to overcome the statute's presumption of constitutionality.'"  English v. New England Med. Ctr., Inc., 405 Mass. 423, 427 (1989), cert. denied, 493 U.S. 1056 (1990), quoting Blue Hills Cemetery, Inc. v. Board of Registration in Embalming & Funeral Directing, 379 Mass. 368, 371 (1979). Although rational basis review "includes a requirement that an impartial lawmaker could logically believe that the

classification would serve a legitimate public purpose that transcends the harm to the members of the disadvantaged class," English v. New England Med. Ctr., Inc., supra at 429, quoting Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 452 (1985) (Stevens, J., concurring), "[i]t is not our function to consider the expediency of an enactment or the wisdom of its provisions." Commonwealth v. Henry's Drywall Co., 366 Mass. 539, 544 (1974). See Federal Communication Comm'n v. Beach Communications, Inc., 508 U.S. 307, 313 (1993) (rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices").

In Watts, 468 Mass. at 59, we observed that the Legislature received reports that warned that "significant impacts would result were the act to pass and that additional staff and services were anticipated in order to implement the act going forward." These reports "anticipated that implementation of the new legislation will be prospective." Id. at 58. The act was, therefore, "passed with an informed understanding that the actual implementation of such reform would likely require additional staff and services," id. at 61-62, and "[p]rospective application of the act takes these considerations into account, as well as the legal complexities and impact of the opposite construction." Id. at 62. In much the same way that we view "[p]rospective

application of the act [as] not 'repugnant' to the purpose of the act," id. at 60, we also consider that prospective application is rationally related to legitimate State interests where "it is a realistic and informed recognition of the unavoidable complexities and attendant need for staff and services implicated in implementing the act." Id. See Amado v. Superintendent, Mass. Correctional Inst. at Walpole, 366 Mass. 45, 49 (1974), quoting South Carolina v. Katzenbach, 383 U.S. 301, 331 (1966) ("[L]egislative solutions must be respected if the 'distinctions drawn have some basis in practical experience'").

Conclusion. We answer the first reported question "no." The act does not apply retroactively to a defendant who commits an offense prior to his or her eighteenth birthday for which a criminal proceeding commenced prior to the effective date of the act. We also answer the second reported question "no." Prospective application of the act does not violate the equal protection guarantees provided by the Fourteenth Amendment to the United States Constitution and art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments.

The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

So ordered.